MAY TERM. 1842.

Crinion and others v. Nelson.

A mortgage deed, under the statute of this State, being made only to secure the payment of a debt, may be assigned by writing unsealed.

---

BAILEY v. THE BANK OF THE STATE OF MISSOURI.

Error to St. Louis Court of Common Pleas.

TODD & KRUM for Plaintiff.

BOWLIN & WOODRUFF for Defendant.

*Opinion of the Court, delivered by Tompkins, Judge.*

The Bank sued Daniel Bailey, as endorser of a note made to him by William Bailey, and having obtained judgment against him, he now prosecutes this writ of error to reverse the judgment.

The notary testified, that in due time after the dishonor

MAY TERM.
1842.

Bailey
v.
Bank of Mo.

and protest of the note in question, he went to an office which he understood to be that of William and Daniel Bailey; that he found there William Bailey, the maker of the note, and brother of Daniel Bailey, the defendant; that he served the notice on said William; that upon inquiry for Daniel, William told the witness that it was unnecessary to go after Daniel, the defendant, to serve a notice upon him, as he, Daniel Baily, lived with him, William Bailey, and that the office was the place to leave the notice for the defendant; and thereupon the witness left the notice for Daniel Bailey with William Bailey.

*Where the endorser of a bill of exchange boarded with the drawer, but transacted business in a different house notice of nonpayment delivered to the drawer was held insufficient to charge the endorser. The notice should have been served on the endorser, or left at his dwelling house or place of transacting business, or facts shown from which notice might be inferred.*

William Bailey, being first released, was sworn on behalf of the defendant. He testified, that the notary left a notice of the dishonor of the note with him for the defendant; but that he did not recollect that he told the notary that it was not necessary for him to go after the defendant to serve notice on him; that the defendant then boarded with the witness; that the defendant was then in the city of St. Louis, and doing business as a carpenter, on his own account, and had a shop for that purpose; that he believed he pointed out to the notary the shop of the defendant; that the defendant had no interest or concern in the office of the witness, that he never gave the notice to the defendant, and does not know that the defendant had any knowledge of the dishonor of the note till two or three weeks afterwards; that it being a delicate matter, the witness never talked to the defendant about it; the defendant was a mere accommodation endorser.

The judgment of the court of common pleas being for the Bank, the defendant, Bailey, moved for a new trial, and his motion was overruled, and the refusal is assigned for error. The notice was clearly insufficient. It should have been either served on the defendant, or have been left at his dwelling house, if he had one, or shop where he was employed in his business, or facts being shown from which it might be inferred he had notice. The maker of the note is probably the last person to whom a notice like this should be given. The judgment is reversed and the cause will be remanded.