Barret v. Evans.

———————

## BARRET, Respondent, v. EVANS, Appellant.

1. Where the endorser of a negotiable promissory note resides within the town or city where protest thereof is made, notice of protest must be served upon him personally, or it must be left at his place of abode or of business ; if, however, his residence is outside the city limits, though near the same, and though his address is the city post-office, it is sufficient if notice of protest be deposited, directed to him, in the city post-office.

*Appeal from St. Louis Court of Common Pleas.*

This was an action against defendant as endorser of a promissory note. The defence relied on was that Evans had

not received due notice of protest of the note. At the trial it appeared that notice of protest had been given by a letter directed to the defendant Evans and deposited in the St. Louis post-office. Evans at the time of protest lived between two and three miles from the court-house, in St. Louis county, outside the city limits. He had been living at the same place for eighteen years. He was in the habit of getting his letters at the St. Louis post-office. All the other parties to the note lived in the city of St. Louis.

The cause was tried by the court without a jury. The court, at the instance of the plaintiff, gave the following instruction or declaration of law : " If from the evidence the court believe that defendant, at the time the note was protested and notice sent, resided out of the city of St. Louis, but received his letters at the St. Louis post-office, and shall find that the notice of protest and nonpayment was placed in the said post-office directed to defendant at the time and as stated in the protest and certificate of the notary, then the plaintiff is entitled to recover."

The court refused the following, asked by the defendant : " It being shown that all the parties to the note sued on lived in or near St. Louis, the notice of protest should have been served on defendant personally or left at his residence in order to charge him as endorser ; and it was not sufficient to leave a copy of the notice at the St. Louis post-office directed to defendant."

The court found and rendered judgment for plaintiff.

*T. C. Johnson*, for plaintiff.

I. The notice was not sufficient to fix the liability of defendant as endorser. He was entitled to personal notice or notice left at his dwelling. Notice through the post-office is not good except where the notice is deposited to be transmitted to another post-office. (4 Hill, 133 ; 2 Hill, 587 ; 5 Metc. 352, 492 ; 3 Harring. 419 ; 15 Maine, 143 ; 8 W. & S. 138 ; 5 Louis. 359 ; 6 Louis. 506 ; 5 Mart., N. S., 359.)

*Thomas & Sharp*, for respondent.

SCOTT, Judge, delivered the opinion of the court.

The question in this case is whether the endorsee of a negotiable promissory note, whose residence is near but outside of the limits of the city of St. Louis, and whose post-office is the city office, can be served with notice of the protest of the note through his post-office, which is that of the city.

This case finds authority in the books for deciding it either way. Under such circumstances we are at liberty to adopt that course which seems most conducive to uniformity in the law, and which will produce the least litigation and strife. Where the party to be served is a resident of the city or town where the protest is made, the course required is to give him personal notice, or to leave it at his dwelling or place of business. But if he lives in the country, then a notice by mail to his post-office will be sufficient. Now as the party in this case lived in the country outside of the city, why should not a notice through his post-office be sufficient? If we once depart from the city limits as the rule as to residence, where shall we go? How far out must the party be to deprive him of a personal notice or its equivalent. This must lead to dispute. The other rule is preferable for its certainty, as it leaves no ground for controversy. In an old case, the course adopted here was pursued in relation to giving notice to one outside but near the city of St. Louis. It seems that no exception was taken to it in that case. (Walker v. The Bank of Missouri, 8 Mo. 704.) We do not deem it necessary to state and review the cases on this question. There is ample authority for the opinion we have expressed.

The other judges concur. Affirmed.