GEORGE B. SANDERSON'S ADM'R, Appellant, v. ANDREW REINSTADLER, Respondent.

1. To make the endorser of a negotiable note liable upon protest for nonpayment, due diligence must be used in giving notice of such protest.
2. What is due diligence is a question of law for the court.
3. When the endorser resides out of the city, it is sufficient to direct the notice to him through the post-office nearest to his residence or to that from which he is in the habit of receiving his letters. If he reside in the city, the notice may be served either at his residence or place of business.
4. The holder of a note is not required to see that the notice of protest actually reaches the endorser.

*Appeal from St. Louis Circuit Court.*

The opinion states the facts.

Upon the trial by the court without a jury, the plaintiff asked the following instruction, which was refused:

"If the endorser, Andrew Reinstadler, resided outside of the city of St. Louis, and the notary, after inquiry made and upon inquiry of the maker of the note sued upon, was informed that the endorser resided out of the city in the county, and thereupon the notary addressed a notice to the endorser through the post-office, then such notary used due diligence in serving said notice; and such notice through the post-office was sufficient under the evidence in this cause, it appearing in evidence that the endorser did reside out of the city, although he may have had a place of business in the city, and the plaintiff is entitled to recover against the endorser."

The following instruction was given on the part of the plaintiff:

"If the notaries who protested the notes sued upon made reasonable inquiries for the residence or usual place of business of the endorser of the note sued upon, and after making such inquiries learned that the said endorser lived out of the city, and learned of no place of business of the endorser in the city at which personally to serve notices of protest, then service of notice by depositing notices in the post-office of St. Louis, properly addressed, would be using reasonable diligence, and the notice would be sufficient to authorize the plaintiff to recover."

The court gave judgment for defendant upon the evidence, and plaintiff appealed.

*Whittelsey*, for appellant.

I. Notice through the post, to an endorser residing out of the city, is good. (Barrett v. Evans, 28 Mo. 331; Bank of Columbia v. Lawrence, 1 Pet. 578; 1 Am. Lead. Cas. 249; Timms v. Delisle, 5 Blackf. 447; Bell v. State Bk. 7 Blackf. 456; Fisher v. State Bk. 7 Black. 610; Carson v. Bk. of Ala. 4 Ala. 148; Jones v. Lewis, 8 Serg. & W. 14.)

II. Where the endorser has different places of business and residence, notice of protest left at either is sufficient. (Bk. of Columbia v. Lawrence, 1 Pet. 578; Montgomery Bk. v. Marsh, 3 Seld., N. Y., 481; Chouteau v. Webster, 6 Metc. 1; Glascock v. Bk. Missouri, 8 Mo. 443-446; Edwards on Bills, 601-606.)

III. What is due diligence is a question of law. (1 Pet. 578; 1 Am. Lead. Cas. 257; Edwards on Bills, 610.) What constitutes due diligence, see Bk. Utica v. Bender, 21 Wend. 645; Ransom v. Marsh, 3 Hill, N. Y., R. 588.

*H. N. Hart*, for respondent.

Where the endorser has a notorious place of business in the city, although he resides in the suburban parts of a great city, notice should be given personally, or at his residence or place of business, and notice through the post will not be sufficient. (Ransom v. Mack, 2 Hill, 587; Shelden v. Benham, 4 Hill, 129; Cayuga Bk. v. Bennett, 5 Hill, 236; Ireland v. Kip, 10 J. R. 490; S. C. 11 J. R. 231; Smedes v. Bk. Utica, 20 J. R. 374; 6 Mart. La., N. S., 506; 5 La. 359, 137; 5 Metc. 352; Brindley v. Barr, 3 Harring. 419; Patrick v. Beazely, 6 How. Miss. R. 609.)

BAY, Judge, delivered the opinion of the court.

This was a suit instituted to recover the amount of two promissory notes, made by one William Streit and endorsed by defendant Reinstadler. The notes were protested for non-payment, and the only question arising upon the record is, whether the notice of protest was sufficient to hold the endorser. It was proved that notice was served by depositing the same in the post-office at St. Louis, directed to the defendant; that defendant resided about three miles from St. Louis—St. Louis being his nearest post-office, and the one through which he received his letters. The notes, maturing at different times, were protested by different notaries. One of the notaries testified that he inquired of the

maker and holder of the note; that he examined the City Directory for 1857, without being able to find Reinstadler's name therein ; and that both maker and holder told him that defendant did not live in town. He further testified that it was the custom, where parties could not be found or their place of business learned, to notify them through the post-office, and this mode was customary when they resided out of the city. The other notary testified that he was unable to learn the residence or place of business of defendant. He examined the City Directory, and made inquiry of other notaries, and of the wife of the maker, at the house of the maker, and also of persons employed in the office of the holder, and, not being able to learn his residence or place of business, put the notice (addressed to him) in the post-office' at St. Louis.

Michael Diefenbach, a witness on the part of the defendant, testified that defendant resided three miles from St. Louis, on the Gravois road, and kept a house called " Pleasant Hill ;" that he had two places of business in St. Louis— one on Biddle street or its neighborhood, and the other about two squares from the hospital ; that both places are cooper-shops, defendant being a cooper by trade; don't know that he has any sign on the shop. Voullaire, another witness produced by defendant, stated that he knew Reinstadler, who was a cooper ; that he once gave defendant notice of the non-payment of a note; that the holder of the note told him where his shop was, and he went there and found him.

Upon this state of facts, the court held that it did not appear that the plaintiff, as holder of the notes sued on, had used due diligence to notify the endorser ; whereupon the plaintiff took a non-suit, with leave to move to set the same aside.

With reference to the sufficiency of the notice to hold an endorser, the general rule is, that the party whose duty it is to give the notice is bound to use due diligence in communicating such notice. But it is not required of him to see that the notice is brought home to the party. He may employy

the usual and ordinary mode of conveyance, and whether the notice reaches the party or not, the holder has done all that the law requires of him. Whether or not a given state of facts constitute due diligence is a question of law to be determined by the court. (1 Peters, 578.) If the endorser resides in the city where protest is made, notice should be served upon him personally, or left at his residence or place of doing business; but if he resides out of the city, it is sufficient to direct the notice to him through the post-office nearest to him, or the one from which he is in the habit of receiving his letters. (1 Peter, 578; 5 Blackford, 445; 7 Blackford, 456; 28 Mo. 331.)

If he resides outside of the city, but has a place of business in the city, it is by no means clear that either mode of service might not be sufficient, though that would depend chiefly upon the particular facts of the case. If it could be shown that he was in the habit of visiting his place of business but once or twice a week, but received his letters from the post-office daily, then notice through the post-office would undoubtedly be sufficient, as affording the most reasonable ground for presuming that the notice would be brought home to him without unreasonable delay.

In the case of the Bank of Columbia v. Lawrence, reported in 1 Peters, the note was made in Georgetown, D. C., and payable at the Bank of Columbia, in that place. The defendant resided in the county of Alexandria, but had a place of business, though not of public notoriety, in the city of Washington, and yet the Supreme Court of the United States held that a notice directed to the defendant at Georgetown and deposited in the post-office there, was sufficient. This is a leading case, and universally quoted as good authority.

But in the present case the evidence does not show that defendant had a place of business of such notoriety that a notary, using ordinary diligence, would be likely to find it. Neither of the witnesses pretend to locate his place of business. They represent one on Biddle street, or near that

neighborhood, the other about two squares from the hospital, but fail to designate the location of either. They admit that no sign was placed on either. They represent him as a cooper by trade, but it only appears inferentially that he was then engaged in that branch of business. It moreover appears that he was then engaged in keeping a public house at Pleasant Hill, three miles from the city. Voullaire found him at his shop, but upon information obtained from the holder of the note placed in his hands for protest; but the record does not even disclose the year in which this transaction took place. On the other hand, it does appear that the notaries, Clark and Rawle, made inquiry of the holder and maker, and persons employed in the office of the holder. They examined the directory for 1857, and inquired of other notaries, and were still unable to discover his residence or place of business. Under all the circumstances, we are of opinion that they used due and reasonable diligence.

The other judges concurring, the judgment is reversed and the cause remanded.