BANK OF THE STATE OF MISSOURI, Respondent, v. JAMES VAUGHAN et al., Appellants.

1. *Practice—Variance.*—A bill was made payable at "the Bk. of Mo. at St. Louis"; the petition alleged presentment of the bill "at the Bank of the State of Missouri at St. Louis, Mo., the place designated in said bill for payment." *Held*, no variance.

2. *Bill of Exchange—Notice.*—A bill payable at St. Louis was protested for non-payment, and the notary enclosed the notices to the drawer and endorsers to the last endorser at Springfield, Mo., which was the proper post-office address; he deposited the notices, on the day of their receipt, in the post-office at Springfield. There being no evidence that the prior endorsers and drawer resided in the town of Springfield, *held*, that the notices were properly served.

3. *Bill of Exchange—Notice—Agent.*—The cashier of a bank, the holder of a bill of exchange, is the agent of the holder, and is competent to give the notice of demand and refusal of payment.

*Appeal from Greene Circuit Court.*

*Ewing & Muir,* for respondent.

I. The notary's protest is evidence of a demand and refusal to pay a bill of exchange at the time and manner stated on such protest. (R. C. 1855, § 20, p. 293.)

II. The notice given to the endorser and drawer was legal and proper. (Sto. Prom. No. § 301; 3 Kent, Com. 139–40.)

III. The certificate of the notary and his affidavit are evidence of the facts therein stated and the manner of said acts. (R. C. 1855, p. 733, § 57.)

IV. There is manifestly nothing, it is submitted, in the point as to a variance between the petition and the bill read in evidence. The abbreviations of themselves clearly enough express their own meaning, when the whole instrument is considered. But there is an averment as to the meaning and sense of these words, by the allegation that the bill was " duly presented at the Bank of the State of Missouri at St. Louis—the place designated in said bill for payment—to the teller," &c. And there is no denial of these averments, or that, in promising to pay at the " Bk. of Mo. at St. Louis," defendants did not thereby promise to pay at the Bank of the State of Missouri.

The certificate is full, and contains all the facts necessary for it to set forth, under the statute, to make a good notice.

It is good independent of Danforth's testimony ; but there was no objection to his (Danforth's) testimony because it contradicted the protest. But if there is any variance, it is cured by verdict. (R. C. 1855, p. 1256–7.)

*Lindenbower & Sherwood,* for appellants.

The court should not have permitted the certificate of protest of the notary to be offered in evidence ; the certificate is only evidence of such facts as it may lawfully contain. The certificate in this case did not set forth such facts as are required by law to be set forth—R. C. 1855, p. 733, § 57 : that section requires that notice of dishonor, given to the

" parties thereto," be set forth in the certificate. From all that appears by the statement of the notary, notice was given to " a mere stranger." The certificate of protest of a notary, prior to the above statute, was not evidence of the dishonor of inland bills of exchange, and that act, consequently, should be strictly construed as being in derogation of the common-law merchant.

The court erred in permitting the introduction of Danforth's statement regarding the depositing by him of the notice in the post-office, because he was neither a holder of, nor a party to, the bill ; nor entitled to call for payment, nor reimbnrsement. ( Chauvine v. Fowler, 3 Wend. 173 ; Bay. on Bills, 248 ; 8 Mo. 336 ; 18 John. 327 ; Sto. on Bills, 454, § 388, *ex parte* Barclay ; 7 V*f.* 597.) There was no agency or authority on the part of Danforth shown. ( *Ib.*)

The bill of exchange should not have been admitted ; it was not such a one as plaintiff had declared upon. There is no rule better established than that " the evidence must correspond with the allegation and be confined to the point in issue." The allegation was the execution of a bill of exchange, payable at the Bank of the State of Missouri ; the issue was whether such a bill had been executed. The affirmative of that issue, that the appellants had executed such a bill, was not supported by a bill payable at "the Bk. of Mo." The proper basis was not laid for the introduction of the bill in evidence even had it been otherwise admissible.

LOVELACE, Judge, delivered the opinion of the court.

This was an action upon a bill of exchange, of which Vaughan was the drawer, Jabez Owen (deceased) the acceptor, and W. H. Barden the endorser. The cause was tried in the Greene Circuit Court, and a judgment rendered for the plaintiff, to reverse which the defendants appeal to this court.

Two grounds are relied on to reverse the judgment of the Circuit Court ; first, a variance between the bill declared on and the one offered in evidence ; and, second, because due

notice was not given to the drawer and endorsers of the presentation and non-payment of the bill. These objections will be considered in their regular order.

The petition states that " on the 21st day of March, 1861, James Vaughan, defendant, made his bill of exchange, in writing, and directed the same to Jabez Owen (since deceased) at Springfield, Mo., and thereby requested said Owen to pay to the order of Wade H. Barden (by name of W. H. Barden), four months after the date thereof, the sum of nine hundred dollars, and delivered the said bill of exchange to the said Wade H. Barden, who endorsed and delivered the same to plaintiff, who, on the —— day of ———, duly presented the same to the said Jabez Owen for acceptance, which the said Owen duly accepted; plaintiff, on the 24th July, 1861, duly presented the said bill of exchange *at the Bank of the State of Missouri, at St. Louis, Mo.*—the place designated in said bill for payment—to the teller thereof, and demanded of said teller payment of the same, which payment the said teller then and there refused and declined to make; whereupon the same was duly protested for non-payment, of which the defendants, respectively, had due notice."

The defendants' answer denies the execution of the bill of exchange described in the petition; but admits the execution of a bill of exchange such as described in the petition, except that the same was made payable at " the Bk. of Mo. at St. Louis," and not payable at " the Bank of the State of Missouri." The answer also denies that the bill was duly presented for payment and the defendants duly notified thereof.

I am unable to see any variance between the instrument declared on and the one offered in evidence. The petition says that the bill was presented at " the Bank of the State of Missouri at St. Louis, the place designated in the bill"; the bill says it is payable at " the Bk. of Mo. at St. Louis." This would seem to be a sufficient averment of what the abbreviations " Bk. of Mo." meant. It would, perhaps, have been better if the petition had contained an averment showing

7—VOL. XXXVI.

what the abbreviations meant, but it does not appear that any person was misled by its failure to do so. In fact, it would be difficult to construe the abbreviation into anything else than the Bank of the State of Missouri. The court committed no error in admitting the instrument to be read.

The second objection urged by the defendants is that they were not duly notified of the presentation and demand for payment, and the non-payment of the bill. The post-office address of the defendants is proven to be Springfield, Mo., and the bill was presented for payment at St. Louis. The notary, after protesting the bill in the ordinary form, says— " of all which I have given due notice to the parties in manner following: through the post-office, to James Vaughan, drawer thereof; to Jabez Owen, acceptor thereof, and to W. H. Barden, endorser thereof—all under cover to the address of James R. Danforth, Cas., Springfield, Mo."

Danforth says, in his evidence, that he received, by due course of mail from St. Louis, notice of the non-payment of the bill of exchange, and during the same day he deposited in the post-office at Springfield, Mo., written notices, being the same received from St. Louis addressed respectively to Wade H. Barden, and James Vaughan, at Springfield, Mo. ; that he knows that the post-office address of Barden and Vaughan was Springfield, Mo. His evidence further shows that he was the cashier of the State Bank at Springfield, and as such discounted the bill in question.

The defendants object to this notice because it was sent to Danforth instead of the defendants, and that Danforth was a stranger to the bill, and therefore could not give a legal notice of the non-payment and protest. The statute (1 R. C., § 57, p. 733) provides that the certificate of a notary public protesting a bill of exchange or negotiable promissory note, without as well as within this State, setting forth the demand of payment refused, protest therefor, and dishonor to parties thereto, and the manner of each of said acts, and verified by his affidavit, shall, in all courts in this State, be *prima facie* evidence of such facts."

But it is objected that the certificate of the notary, in this case, does not comply with the statute; that the certificate shows that the notices were sent to Danforth, when they should have been sent to the defendants, and that the certificate of the notary, like the return of an officer, is only evidence of such facts as the law requires to be stated. The vice of this argument is, that the law does not provide the manner of the notary's giving notice, but requires him to certify the manner of the protest and notice; and the court must judge whether it was properly done or not. The notary might present the bill on the day before its maturity, or the day after its maturity, in which case the protest would certainly be bad; but the certificate of the notary would, nevertheless, be evidence of the manner in which it was done; and, in this case, the certificate is evidence of the presentation of the bill, the demand for payment, the refusal to pay, the protest, and the putting the notices in the post-office: all this the law makes it his duty to do, and it makes his certificate evidence of the manner in which he did it.

The next objection is, that Danforth is a stranger to the bill, and therefore had no right to give this notice. There is nothing better settled in the mercantile law than the doctrine, that a mere stranger has no right to give notice of the non-payment of a bill. The rule is, that the notice is to be given by the holder, or by some agent or other person duly authorized by him, or, at all events, by some person who is himself liable to pay the bill, and is a party thereto. (Sto. on Prom. No., § 301; Bay. on Bills, 248.) But, in this case, was Danforth a mere stranger to the bill? He was cashier of the Bank of the State of Missouri at Springfield, which bank was the holder and owner of the bill; he was the agent of the plaintiff, who had discounted the bill in the first instance. I think there can be no doubt that his agency was sufficient to enable him to give the notice. In the present case, however, the notice comes from the notary whose duty it is, under the statute, to give notice; and the only question really is, whether he used proper diligence in giving the no-

tice. The rule is, that, when the parties live in the same town or city, the notice must be given to the party entitled thereto, either personally, or at his domicil or place of business—(Sto. on Prom. No., § 312); but when the parties reside in different towns or cities, then notice may be sent by mail, or by special messenger, or by a private hand, or by any other suitable and ordinary conveyance.

The bill was payable in St. Louis, and was presented and protested there by the notary, and the notices sent from St. Louis to Springfield, which latter place was the post-office address of the defendants. It is objected by appellants' counsel that the notices were to Danforth instead of the defendants, and that that circumstance would put it upon the same ground as if the bill had been protested at Springfield; in which case, they insist it would be necessary to give personal service, or leave the notice at the domicil of the defendants or their usual place of business in Springfield. I am not certain but that would be correct if the record had shown that the defendants resided in the town of Springfield, or had a place of business there. But the evidence is that Springfield was their post-office address; they may have lived several miles from the town, and had no place of business in the town, in which case the post-office would be the most direct way to reach them. The evidence shows there was no delay by sending the notices to Danforth. He put them in the post-office the same day he received them. The notice seems to have been as expeditiously given as it could well be.

The other judges concurring, the judgment is affirmed.