## Case No. 13,201.

SPALDING v. KRUTZ et al.

[1 Dill. 414.] 1

Circuit Court, D. Kansas. 1871.

NOTES—NOTICE TO INDORSERS—HOW GIVEN.

1. Where an indorser lives at the same place at which the note is payable and dishonored,

---

1 [Reported by Hon. John F. Dillon, Circuit Judge, and here reprinted by permission.]

notice of protest deposited in the local post office will bind the indorser, if actually received by him on the same day or the next.

2. Where an indorser lives outside of the limits of the city at which the note is payable and dishonored, notice through the post office to such indorser is ordinarily sufficient; but if, in such a case, the indorser has a known place of business in the city, notice of protest should be there given, although if given through the post office it will be sufficient if received in time by the indorser, or if received at his place of business on the day of the dishonor or the next day.

3. Notice of protest given by a notary public to indorsers resident in the same place, partly in writing and partly in print, and which correctly describes the note, and contains all the essentials of such a notice, if actually received in time, is sufficient, although the signature of the notary be printed.

This was a writ of error to the district court, in which the defendants had judgment.

Royce & Hoag, for plaintiff.

B. F. Simpson, for defendants.

Before MILLER, Circuit Justice, and DILLON, Circuit Judge.

DILLON, Circuit Judge. This was an action against the indorsers of a promissory note made payable at a banking house in the city of Paola, in this state. Defence: want of legal notice. Some of the indorsers were residents of Paola, and the notice of protest was deposited in the post office at Paola on the day on which the note was dishonored.

We hold that if the notice of non-payment thus deposited in the post office was actually received by the indorsers on that day, or the next, it would be sufficient to bind them. Whether the notice was thus received, is a question of fact for the jury. The instruction of the district court on this subject stated the law differently, and is erroneous.

1. One of the indorsers lived outside of the city of Paola about two hundred yards from the city limits and a little more than a half mile from the banking house at which the note was payable. There was testimony tending to show that he did not receive the notice of protest, which had been deposited in the post office, until seven days had elapsed, and that "he had a place of business in the city which he generally attended daily."

2. The district court instructed that the notice by the post office was not good, but that it should have been given at the defendant's place of business in the city. If this was a place where his own business was conducted by him,—a place known to be his place of doing business,—we hold, that the notice of protest ought to have been left there, and could not be given through the post office, although if given in the latter mode and actually received by the indorser from the post office on that day or the next, or if within such time it was received from the

post office by those in charge of his business house, it would be sufficient.

3. The notice of protest deposited by the notary in the post office accurately and fully described the note by stating the date, amount, parties, when due, demand, &c., and was partly printed and partly written, and signed by the notary public in his official capacity, but his signature was printed. The district court charged that the notice, though actually received in time, was insufficient, and that the written signature of the notary and his seal of office were requisite to convey legal notice to the indorser. This we hold to be erroneous, and are of opinion that such a notice as above described, if actually received in time, would fix the indorser's liability.

It only remains to add that the instruction asked by the plaintiff as to the custom of the bank, was not, for aught that now appears, improperly modified. Reversed and remanded.

---

SPALDING (LEGIONARY PAYMASTER v.). See Case No. 8,212.

SPALDING (LEWIS v.). See Case No. 8,-334.

SPALDING (MEWSTER v.). See Case No. 9,513.

SPALDING (UNITED STATES v.). See Cases Nos. 16,364 and 16,365.