————o————

| 53 | 591 |
| 42a | 247 |

| 53 | 591 |
| 95a | ²410 |

RICHARD GILCHRIST, Appellant, *vs.* E. F. & F. L. DONNELL, Respondents.

1. *Notary public—Notice to indorser—Due diligence, what amounts to.*—A notary public, not knowing the residence of an indorser, on the day of protest made inquiry at the bank in St. Louis, where the note was payable, and at the place of business of another indorser, and examined the City Directory, to ascertain the residence, but without success. He thereupon placed the notice in the city post office. The evidence showed, that other indorsers could have given the desired information, and that one of them lived in East St. Louis, immediately across the river. *Held*, that it was the duty of the notary, to inquire at least of all the parties to the note, if accessible; and that he might have prosecuted his inquiries for that purpose for several days; that there was no search made, such as the law requires, and that putting the notice in the post office, under the circumstances, amounted to nothing.

2. *Notice to indorser—Residence—Presumption as to service of notice must be made, how.*—There is no presumption, that an indorser resides in the town or city where the bill or note is made payable. If such be the fact, notice cannot be served by depositing it in the post office; but the service must be personal, or by leaving it at the usual place of business of the indorser, or with his family at his domicile.

3. *Practice, civil—Instructions, etc.*—Instructions, not predicated upon the issues tried should not be given.

*Appeal from Jefferson Circuit Court.*

*Henry F. Ahlvers,* for Appellant.

I. When a note is made payable at a particular place, presentment at that place for payment is sufficient. (Glasgow vs. Pratte, 8 Mo., 336 ; Lawrence vs. Dobyns, 30 Mo., 196.)

II. The notary used due diligence. (Sto. Prom: Notes, (4th Ed.,) 437, § 344.)

The notary swears in his deposition, that he first inquired at the Central Savings Bank, the holder of the note, of the cashier thereof, as to the places of residence or business of respondents, and could not ascertain them ; that thereupon, he inquired at the place of business of a firm, which indorsed said note to said bank, of the person in charge of said business, and could not ascertain from him such places of residence or business of respondents ; that thereupon, he examined the City Directory of St. Louis, for the year when protest was made, and was unable to find the places of residence or business of the respondents. Did the law require more than this, of the notary under the circumstances ? Was the notary under legal obligation to go into Illinois for the purpose of inquiring of an indorser, to learn where respondents had their places of residence or business? It has been frequently decided, that where an indorser lives outside of the limits of the city, where protest is made, service of notice may be made upon him through the mail. (Bank of the State vs. Vaughan, 36 Mo., 90 ; Barret vs. Evans, 28 Mo., 331.)

III. The holder of the note is not required to see that notice actually reaches the indorser. (Sanderson vs. Reinstadler, 31 Mo., 483.)

IV. The plaintiff makes out a *prima facie* case by proving notice by letter, addressed to the defendant at the town generally. (2 Greenl. Ev., (9th Ed.,) 203, § 188, n. 3.)

*J. J. Williams,* for Respondents.

I. There are but two methods of serving notice of dishonor on an indorser, to-wit : by personal delivery, when he resides or does business in the same town or city where the pro-

test is made; or by special messenger or letter, addressed to him at his nearest post-office, or that at which he usually receives his letters, if he resides elsewhere. But to put the notice in the city post-office of a large city, to be distributed directly from that office, without going into the mail, when the indorser lives in a different and distant county, as was the case here, is entirely without precedent or authority. (Chitty Bills, 288; Edw. Bills and Notes, 601, 602, 603.)

II. If actual notice is not given in the manner required by law, it must appear that due exertions were made to ascertain the necessary facts to enable the notary to give it. (Edw. Bills and Notes, 609, 610, 611; Dickens vs. Beal, 10 Pet., 572.) The evidence utterly fails to show any such exertions

ADAMS, Judge, delivered the opinion of the court.

This was an action on a negotiable promissory note by the plaintiff as indorsee, against the defendants as prior indorsers. The note was payable at the Central Savings Bank of St. Louis, Missouri, and was duly protested at maturity. The defense relied on, and the only issue tried was, that the defendants were not duly served with notice of demand and protest. The evidence conduced to show, that they resided in Jefferson County. The notary, who protested the note, testified, that he did not know where the defendants resided; that on the day of the protest, he inquired of the bank officers and also at the place of business of a firm, who had indorsed the note, and could learn nothing about their residence.

He also examined the City Directory of St. Louis, and did not find the names of the defendants, and thereupon he put the notices in the city post office of the City of St. Louis, directed to the defendants. The plaintiff asked an instruction based upon those facts, to the effect, that if the jury found them to be true, they amounted to reasonable diligence, and entitled him to recover. This instruction was refused, and its refusal raises the only material point discussed here.

Whatever the law may be in regard to the residence of the

38—VOL. LIII.

drawer of a bill, or maker of a note, there is no presumption that an indorser resides in the town or city where the bill or note is made payable. If such were the case, the notice could not be served by depositing it in the post office of the city. If parties reside in the town or city, where demand and protest are made, the rule, as laid down by this court, is, that the service must be personal, or by leaving it at their usual place of business, or with the family at their domicile. (Barret vs. Evans, 28 Mo., 331.)

The facts relied on do not show reasonable diligence in ascertaining the residence of the defendants. The evidence in the case shows, that the other indorsers could have given the required information, one of whom lived in East St. Louis, immediately across the river. It was the duty of the notary to inquire at least of all the parties to the note, if accessible to him, as to the residence of defendants. He might have prosecuted his inquiries for several days, and the presumption is, if he had done so, he would have been successful. It is only when due search and examination are made for the residence of parties, that a notice of demand and protest is dispensed with. There was no such search made in this case, and putting the notice into the post office, under the circumstances, amounted to nothing. (Story Notes, §§ 316, 335:)

The plaintiff also asked two other instructions, which were mere abstract propositions of law, and did not touch the question of notice, the only issue tried. For this reason they were properly refused.

The case seems to have been fairly presented by the instructions given on both sides, and, upon the record as it stands here, the judgment is for the right party.

Judgment affirmed. The other Judges concur.