## COUNTY OF BENNINGTON,

##### AT THE

## FEBRUARY TERM, 1879.

PRESENT :

HON. JAMES BARRETT,  
HON. HOMER E. ROYCE, } ASSISTANT JUDGES.  
HON. JONATHAN ROSS,

---

## FIRST NATIONAL BANK OF NORTH BENNINGTON *v.* JAMES B. WOOD.

### *Promissory Note. Notice of Dishonor.*

Notice of dishonor of a promissory note, however directed and posted, is seasonable to charge an indorser, if sent so as to be received by the same mail by which it would have been received if properly directed and posted. Thus, where the notice was posted on the day of maturity, addressed to E., where the indorser had formerly resided, and thence forwarded on the following day by the mail of the same hour to C., where the indorser then resided, and where he received it, it was *held* that the notice was seasonable.

ASSUMPSIT. The case was referred, and the referee reported the following facts.

On August 10, 1868, the defendant, for the accommodation of the Field Marble Co., executed a promissory note of that date for $600, payable to said company, or order, in three months, and

the company procured it to be discounted by the plaintiff. It was not paid at maturity, and was renewed from time to time until June 18, 1869. On that day a note was given in renewal, of which said company was the maker, and the defendant was indorser. On April 25, 1870, that note was taken up by a new note of that date for $600, payable in four months to the order of the defendant, at North Bennington, signed by said company and indorsed by the defendant. When the first note was discounted the defendant resided in East Dorset, but before the last one was discounted, he removed, unbeknown to the plaintiff, to Concord, Mass., where he afterward resided. On the day of maturity of the last named note, payment was demanded but not made, and the note was thereupon duly protested. Notice in due form of demand, non-payment, and protest was on the same day deposited in the post office at North Bennington, directed to the defendant at East Dorset. The mail left North Bennington on that day at forty minutes past six o'clock in the afternoon, and arrived at East Dorset at forty-five minutes past seven o'clock the same afternoon. On the next day the post-master at East Dorset, pursuant to the defendant's general instructions in regard to his mail-matter, forwarded said notice by the mail that left that place at forty-five minutes past seven o'clock in the afternoon to the defendant's address at Concord, and the defendant received it. The referee found that if the plaintiff was entitled to recover the amount of the note, it should recover $902.04.

The court, RICE, Assistant J., presiding, rendered judgment, *pro forma*, on the report for the plaintiff; to which the defendant excepted.

*Burton & Munson, and Miner & Fenn*, for the defendant.

*R. Howard, and Gardner & Harmon*, for the plaintiff, contended that if the notice was received as soon as it would have been if it had been posted the day after maturity of the note, it was received in due season, and that it made no difference that it was wrongly posted, and cited Story Prom. Notes, ss. 322, 347; Parsons Notes & Bills, 483; Byles Bills, 421; *Cabot Bank* v.

*Warner*, 10 Allen, 522; *Manchester Bank* v. *Fellows*, 8 Fost. 311; *Bank of United States* v. *Corcoran*, 2 Pet. 121; *Dickens* v. *Beal*, 10 Pet. 572.

The opinion of the court was delivered by

Ross, J.   The only question made as to the liability of the defendant on the facts reported, is in regard to the sufficiency of the notice to charge him as an indorser of a negotiable promissory note.  When the first transactions out of which the note in suit had its origin transpired, the defendant resided at East Dorset, Vt.   When the note in suit was given he had changed his residence, unbeknown to the plaintiff, to Concord, Mass.   On the day the note matured, the plaintiff mailed to the defendant, addressed to East Dorset, a notice of the presentation of the note to the maker for payments, its non-payment and protest, which arrived at East Dorset that evening, and was forwarded by the post-master, by the next day's mail, to the defendant at Concord, Mass., at which place the defendant received it by due course of mail.   The plaintiff, by the law merchant, had until the day following the day on which the note fell due, to mail notice of its presentation, non-payment and protest, to the defendant at Concord, Mass.   By so doing he would have exercised such diligence as the law demands, and have fixed the liability of the defendant as indorser, although the defendant never received the notice.   The defendant, having actually received the notice through the mail as early as he would if the plaintiff, in the exercise of due diligence, had mailed it to him at North Bennington on the day following the maturity of the note, addressed to Concord, Mass., has not been prejudiced, nor put to a disadvantage in pursuing the maker of the note, from the fact that the plaintiff addressed the notice to East Dorset instead of Concord, Mass.   If the notice had never in fact reached the defendant, or if it had not seasonably reached him, it is probable that the failure of the plaintiff to ascertain the defendant's residence at the time it discounted the note, and its addressing the notice to him at East Dorset, showed such a lack of diligence as would have discharged the defendant.   So, too, where the law requires the notice to be delivered to the indorser at his residence

or place of business, and there is a misdelivery of the notice through lack of diligence by the holder in ascertaining the proper place of delivery, the indorser is discharged. But if the indorser receive the notice seasonably, though misdelivered through lack of diligence, his liability remains. The holder of the note may fix the liability of the indorser by showing that he used due diligence to give notice, although notice never in fact reached the indorser, or by showing that notice was in fact received by the indorser in due season. *Bank of United States* v. *Corcoran*, 2 Pet. 121; *Dickens* v. *Beal*, 10 Pet. 572; *Bradley* v. *Davis*, 26 Me. 45; Story Prom. Notes, ss. 322, 347; Parsons Notes & Bills, 483; *Cabot Bank* v. *Warner*, 10 Allen, 522; *Manchester Bank* v. *Fellows*, 8 Fost. 302. The purpose of the law in requiring notice to be given is, that the indorser may be informed of the presentation and non-payment of the note, and that the holder is looking to him for payment, that he may be able to secure himself against those who may be liable over to him. All the rules requiring the holder to use diligence to ascertain the residence of the indorser, and to leave notice at his place of business or residence, when they reside in the same town, or to mail notice as soon as the day following the day of the maturity of the note, addressed to him at his place of residence, when they reside in different towns, are made and enforced that the indorser may be informed that his liability on the note has not been discharged by the party whose duty it was to pay the note at maturity. When, therefore, the indorser in fact receives notice in due season that the note has been duly presented for payment and protested, the purpose of the law has been accomplished, although the holder of the note has not complied with one of the established rules in regard to the use of diligence in giving notice.

*Judgment affirmed.*