J. E. PHELPS, PLAINTIFF IN ERROR, v. GEORGE W. STOCKING, DEFENDANT IN ERROR.

1. **Promissory Note :** PROTEST : NOTICE.  Where a promissory note payable at W., was duly presented to the makers on the last day of grace and demand of payment made, which was refused, *Held*, That a notice received on the following day by the endorser, who resided a few miles from W., was within a reasonable time.

2. ———— : ———— : ————.  Where the endorser receives his mail at the place where the note is payable, a notice of nonpayment, actually received by him through the mail on the day following the last day of grace, is sufficient to charge him as endorser.

ERROR to the district court for Saunders county.  Tried below before POST, J.

*E. S. Merritt* and *J. R. Gilkeson*, for plaintiff in error.

*Bell & Sornborger*, for defendants in error.

MAXWELL, CH. J.

This action was brought upon a promissory note executed by Byron Wise and Peter Marsh to George W. Stocking, Jr., and by said Stocking endorsed before maturity to the plaintiff.  On the last day of grace demand was duly made of the makers of said note for payment, and upon their failure to pay, said note was duly · protested, and notice thereof given to the endorser.

Wise and Marsh appear to have been residents of Wahoo, while Stocking resided near there and received his mail at that place.  The notice was sent through the post office on the day that demand of payment was made and was received by Stocking in the forenoon of the following day.

On a trial of the cause in the court below a jury was

waived and the cause submitted to the court, which rendered judgment in favor of the defendant, Stocking.

Two questions are presented. First, Was the notice received by the defendant, Stocking, on the day after the dishonor of the note, within a reasonable time? Second, Was a notice sent through the post office sufficient to charge the endorser? The rule seems to be well established that the holder is not obliged to give notice immediately on the very day of dishonor. 2 Daniel Neg. Inst., sec. 1037. *Darbishire v. Parker*, 6 East., 8. *Tindal v. Brown*, 1 T. R., 168. *Burridge v. Manners*, 3 Camp., 193. *Russel v. Langstaffe*, Doug., 515. *Muilman v. D'Eguino*, 2 H. Black., 565. Chitty on Bills [*482], 544. 1 Parsons on N. & B., 515, and cases cited. The notice, therefore, was forwarded in time.

In *Forbes v. Omaha National Bank*, 10 Neb., 338, where Forbes resided about one and one-quarter miles outside the corporate limits of the city of Omaha, where the bank was located, and received his mail at the post office in that city, it was held that notice sent through the Omaha post office was insufficient to charge Forbes as endorser. In that case there was nothing to show that Forbes had received the notice in a reasonable time. In this case, however, the testimony is undisputed that Stocking received the notice the next day after the failure to pay the note. It certainly could make no difference to him in what manner he received notice. One of the objects in requiring personal service of notice of protest, is to give the endorser a fair start with others in pursuit of the property of the defaulting principals. If in such case it could be shown that the endorser did not receive the notice until several days after the same had been placed in the post office, such notice would not be sufficient, as there is an implied agreement that the endorser shall be notified within a reasonable time after the dishonor of the note.

Where a person endorses commercial paper payable at a

distant place he by implication agrees to receive notice of dishonor through the post office, as that is the usual channel of communication between distant points. This rule, however, does not apply to an endorser of paper payable at a place situated within his own post office delivery. *Forbes v. Omaha National Bank, supra.* But where the endorser receives notice through the post office within a reasonable time, so that he is enabled to take proper steps for his own security, he will be bound thereby, even if such notice was mailed in the post office at which he received it. *Terbell v. Jones,* 15 Wis., 278. *Bradley v. Davis,* 26 Me., 45. *National Bank v. Wood,* 51 Vt., 473. *Cabot Bank v. Warner,* 10 Allen, 524.

The judgment of the district court is reversed, and as the facts are undisputed, judgment will be entered in this court in favor of the plaintiff and against the defendant, Stocking, for the amount of the note and interest thereon.

JUDGMENT ACCORDINGLY.

COBB, J., concurs.

REESE, J, having been of counsel, did not sit.