F. J. HENDERSHOT ET AL., PLAINTIFFS IN ERROR,
v. NEBRASKA NATIONAL BANK, DEFENDANT IN
ERROR.

1. **Negotiable Instruments**: PROTEST: NOTICE. Where the
endorser receives his mail at the place where the note endorsed
is payable, a notice of non-payment, duly placed in the post-
office and actually received by him on the day following the
last day of grace, is sufficient to charge him as endorser.

2. ———: PLEADING. Petition, *Held*, To state a cause of action
against the maker and endorser of a promissory note.

ERROR to the district court for Thayer county. Tried
below before MORRIS, J.

*Manford Savage*, for plaintiffs in error. No brief on
file.

*O. H. & A. R. Scott*, for defendant in error, cited:
*Phelps v. Stocking*, 21 Neb., 443.

MAXWELL, J.

This action was brought against the maker and endorsers
of a promissory note. A demurrer was interposed to the
petition, which was overruled, and judgment entered in
favor of the plaintiff below.

The following is a copy of the petition, omitting the
formal parts: "The said plaintiff complains of the said
defendants for that the said defendant, J. L. Spaulding,
did, on the 1st day of March, 1883, at Hebron, Nebraska,
make his certain promissory note in writing of that date,
a copy of which, together with all the endorsements
thereon, is hereto attached, marked Exhibit A, and made
a part of this petition, and did then and there deliver
the said note to defendant F. Hendershot, and there-
by promised to pay to the order of defendant F. Hender-

shot, on the 1st day of August, 1885, the sum of $325,. at the First National Bank of Hebron, Nebraska, with interest thereon at the rate of ten per cent per annum from the date of said note until paid; that thereafter, and before the said note became due and payable, the said defendant, F. Hendershot, endorsed said promissory note in the words following: 'Pay the order of Wm. Staddelman,' and then and there delivered the same to the said Wm. Staddelman, defendant, and thereafter, and before said note became due and payable, and in the usual course of business, and for value, the said defendant, Wm. Staddelman, endorsed and delivered the same to plaintiff, who is now the owner and holder thereof. On the 4th day of August, 1885, when the said note became due and payable, it was duly presented at the First National Bank of Hebron, Nebraska, the place at which the same was made payable, for payment, and payment thereof demanded, which was refused, and said note was thereupon duly protested for non-payment, of all of which defendants F. Hendershot and Wm. Staddelman, said endorsers, were duly and legally notified; that the notary public who presented said note for payment and demanded payment thereof, which was refused, was at the time a resident of the town of Hebron, Nebraska, and that the said defendant, F. J. Hendershot, was at the same time a resident of the same place, and received mail matter at the post-office in said town of Hebron, Nebraska, and the First National Bank of Hebron, Nebraska, was doing business there at that time; that after said refusal of payment of said note, on said 4th day of August, 1885, the said notary public enclosed in an envelope, sealed and properly addressed to said F. J. Hendershot, defendant, at Hebron, Nebraska, written notice notifying him, the said defendant, that the said note was, on said 4th day of August, 1885, duly presented for payment to the First National Bank of Hebron, Nebraska, the place where the same was made

payable by the terms of said note, and that payment thereof was demanded of and at said bank, and that payment thereof was refused, and that plaintiff, by reason thereof and the dishonor of said note, looked to him, the said defendant, F. J. Hendershot, for the payment thereof, which envelope containing said written notice, the postage thereon being prepaid by the said notary public, was by him deposited in the post-office at Hebron on the said 4th day of August, 1885, and that said defendant, F. J. Hendershot, received the said notice through the mail from the said post-office the next day after the same was so mailed, to-wit, on the 5th day of August, 1885, and during the business hours of said day. Said defendants, F. J. Hendershot and Wm. Staddelman, are liable on said note as endorsers. Plaintiff avers that the expenses of making said demand of payment, and the protest of the same for non-payment, and serving notices, were $2.25, which were paid by plaintiff, and defendants are liable therefor. No part of said note has been paid, and there is now due from said defendants thereon the sum of $325, with interest thereon from the 1st day of March, 1883, at ten per cent per annum until paid, and $2.25 protest fees paid by plaintiff."

A copy of the note is attached to the petition.

The petition is a carefully drawn one, and is sufficient. The plaintiff in error has furnished no brief, hence we do not know upon what particular point he relies, but it is probable that he objects to the notice to the endorser, Hendershot. If the allegations of the petition are true, the note was payable in the same town in which Hendershot resides, and upon demand being made for payment of the note the endorser was notified through the post-office, it being alleged that he received the notice on the succeeding day. This question was before this court in *Phelps v. Stocking*, 21 Neb., 443. In that case the endorser received his mail at the place where the note was payable, and it

was held that a notice of non-payment actually received by him through the post-office on the day following the last day of grace was sufficient to charge him as endorser. The question was carefully considered in that case, and in our view the decision is correct. In the case under consideration it is admitted by the demurrer that Hendershot received notice through the post-office on the day following the last day of grace, on which day demand had been duly made. This is sufficient to charge him as endorser. The judgment of the district court is clearly right and is affirmed.

JUDGMENT AFFIRMED.

THE other judges concur.