Stephens v. Gallagher.

LON V. STEPHENS, Receiver, Appellant, v. DANIEL J. GALLAGHER et al., Respondents.

St. Louis Court of Appeals, November 11, 1890.

1. **Bills and Notes:** NOTICE OF PROTEST. Where both the holder and indorser of a promissory note reside in the same city or town, a notice of nonpayment sent by mail is not sufficient to hold the indorser. But *quaere*, whether this rule should apply under the new immediate delivery system.

2. **Practice, Trial:** REOPENING OF CASE AFTER ITS SUBMISSION: DUE DILIGENCE. It is not error for the trial court to refuse to reopen a cause for the submission of new evidence, if this evidence was easily accessible, and no good reason appears for the nonproduction of it at the trial. So *held* in a case, wherein the new evidence was such as to supply a fatal deficiency in the plaintiff's proof

*Appeal from the St. Louis City Circuit Court.*—HON. LEROY B. VALLIANT, Judge.

AFFIRMED.

*Geo. D. Reynolds*, United States District Attorney, for appellant.

*J. Hugo Grimm*, for respondents.

THOMPSON, J.—This was an action on a promissory note against Gallagher, as maker, and Splete, as indorser. There was a default as to Gallagher, and judgment on the merits in favor of Splete, and the plaintiff prose-cutes this appeal. It appeared at the trial that the holder of the note. at the time when it was dishonored and protested for nonpayment, was the Fifth National Bank of St. Louis, and that Splete was superintendent of the St. Louis Planing Mill, and had a desk in the office of the mill. The notary's certificate of protest stated that he had given notice of the dishonor of the note to Splete "*by mail*, by immediate delivery to him through the postoffice, prepaid to him at St. Louis Planing Mill Company," etc. On this evidence the circuit judge, who tried the case sitting as a jury, took the cause under advisement. Eleven days afterwards the plaintiff, through his attorney, filed a motion to set aside the submission and reopen the case, which motion the court overruled. This motion showed no diligence in endeavoring to be ready for trial, when the case was called, but showed that the plaintiff could, if permitted, put in evidence the following copy of the record of the special delivery of letters kept by the St. Louis post-office.

"2163. Local. J. R. Splete, Seventh Mullanphy, 10 : 55 A. M., October 27, 1887. Delivered by Kose to St. Louis Planing Mill Company. Signed for in the book with rubber stamp, 'St. Louis Planing Mill Company.' I certify that the above is a correct copy of the record in this office.          JOHN B. HARLOW,
                    " Postmaster."

It is the settled law in this state that, where both holder and indorser reside in the same city or town, a notice to the indorser sent by mail does not satisfy the law. *Bailey v. Bank*, 7 Mo. 467; *Barret v. Evans*, 28 Mo. 331; *Gilchrist v. Donnell*, 53 Mo. 591; *Bank v. Chambers*, 14 Mo. App. 156. It may be assumed that this rule sprang into existence, at least in this country, at the time when there was no delivery of letters by the post at the residence or place of business of the addressee, but when every person went to the post-office to get his mail. Whether the same rule should apply under the new immediate delivery system, is a question of which we can see the importance, but upon which we do not intend to intimate an opinion one way or the other in the present case. It is enough for us to say, for the purpose of a proper disposition of this case, that, assuming that the plaintiff had convinced the circuit judge that if the case were reopened, he would be able to prove, by competent evidence, that the notice of protest was seasonably delivered to some one in charge of the office of the Mullanphy Planing Mill Company, who had authority to receipt for letters in the name of the company,—yet this would not enable us to say that the court had abused its discretion in refusing to set aside the submission; since, from the facts disclosed, it is obvious that this evidence was easily accessible, and no good reason was shown for not getting it in time to present it before the case was submitted. We rest our conclusion on the view that, in the absence of a showing of diligence on the part of the plaintiff, the circuit court did not abuse its discretion in refusing to set aside the submission, and did not err in finding a judgment for the defendant on the evidence submitted when the case was closed.

The judgment is accordingly affirmed. All the judges concur.