# ROLLA STATE BANK, Respondent, v. JULIUS PEZOLDT, Appellant.

## St. Louis Court of Appeals, June 10, 1902.

1. **Negotiable Note: NOTICE OF DISHONOR, HOW SERVED: DAYS OF GRACE: MISSOURI DECISIONS: INDORSER.** Plaintiff as holder of a negotiable note caused notice of dishonor to be given by mailing it to defendant on the last day of grace, directed to the same city wherein the protest occurred, and where defendant lived: *held*, that the notice, under Missouri decisions, should have been served personally upon him; but that, if he actually received notice, by any means, not later than the day following the last day of grace, it was sufficient to charge him as indorser.

2. ———: ———: ———: **SENDING NOTICE BY MAIL.** When an indorser residing in the city where a note is payable actually receives notice of the dishonor on the day following the last day of grace, it is immaterial that it was sent by mail instead of being personally delivered.

3. **Notice of Dishonor: LIABILITY OF INDORSER: PROTEST.** Notice of dishonor is requisite to fix the liability of an indorser upon a negotiable note, and the burden of proof rests upon the holder of the paper to show notice of protest was seasonably given to an indorser, defendant.

4. **Indorser: NOTICE OF NON-PAYMENT TO LAST INDORSER.** In a suit against the last indorser of a note, it is not essential to show that notice was given to any other indorser but him.

5. **Admissions: RECEIVING NOTICE OF PROTEST.** Defendant admitted having received a notice of protest, without specifying the time, and it appeared that the notice had been mailed to him on the last day of grace, and that defendant had a place of business in the city where the notice was posted: *held* that the trial judge was warranted in finding that defendant received the notice on the day following that on which it was mailed.

6. **Error: INSTRUCTIONS: PRACTICE, APPELLATE.** A claim of error in giving instructions is not available on appeal where that point was not assigned in the motion for a new trial.

7. **Sworn Certificate of Notary Public: PRIMA FACIE EVIDENCE: PROTEST.** A sworn certificate of protest by a notary public is prima facie evidence of the facts of payment, refusal and protest as well as of notice of dishonor to the parties interested in the note.

8. **Mailed, Meaning of.** The word "mailed" as applied to notice of protest implies that the requisite postage was prepaid on the letter.

Appeal from Phelps Circuit Court.—*Hon. L. B. Woodside,* Judge.

AFFIRMED.

*Crites & Garrison* for appellant.

(1) Where the indorser resides in the town where the bill or note is payable, or there has an office or place of business, and it is known to the holder of the bill or note, the notice of protest must be personal and not by mail. Story on Notes and Bills, p. 316; Norton on Bills and Notes (2 Ed.), pp. 352, 366; Waller v. Bank of Missouri, 8 Mo. 704; Barrett v. Evans, 28 Mo. 331; Gilchrist y. Donnell, 53 Mo. 591. (2) In order to hold the indorser liable on the exception to the general rule, by showing that notice was received, it is not only necessary to show that the notice was received, but that it was received in due time. Bank v. Warner, 10 Allen 524; Ins. Co. v. Wilson, 29 W. Va. 547; Phelps v. Stocking, 21 Neb. 443; Norton on Bills and Notes (2 Ed.), p. 366a. (3) When an action at law is submitted to the court, declarations of law, if given at all, must be predicated upon a hypothetical statement of the contested facts. In this way only can the appellate court be correctly advised of the theory upon which the trial court determined the case; for without such information it would be impossible to review the action of the latter court. Cooper v. Ord, 60 Mo. 420; Harrington v. Minor, 80 Mo. 270; Patterson v. Railroad, 47 Mo. App. 570.

*Thos. M. & Cyrus H. Jones* for respondents.

(1) In the case at bar, the evidence of the respondents showed that the appellant received the notice of protest mailed to him, and the appellant does not deny it. Nor does he attempt to show that he did not receive it in time. Therefore the protest was sufficient. Teideman on Commercial Paper, sec. 338; Bank v. Corcoran, 2 Peters 131; 2 Daniel on Negotiable Instruments, p. 56; Monarch v. Bank, 49 S. W. 317; Carter v. Odom, 25 So. (Ala.) 775. (2) The appellant failed to incorporate in his motion for new trial his objection to the declarations of law given by the trial court on the part of plaintiff. He will therefore not be heard to complain in this court for the first time. Brown v. Mays, 80 Mo. App. 82; State v. Headrick, 149 Mo. 396; State v. Nelson, 101 Mo. 477; Robert v. Boulton, 56 Mo. App. 405; State v. Gilmore, 110 Mo. 1. (3) This case was submitted to the court. A jury was dispensed with and since there are no declarations of law to review in this court, the case rests solely upon the facts on which the court based its judgment; and the facts upon which the trial court, sitting as a jury, based its judgment, are incontrovertible in the appellate court. Rice, Stix & Co. v. McClure, 74 Mo. App. 384; Rogers & Powers v. Warren, 75 Mo. App. 271. (4) Inasmuch as the evidence showed that Pezoldt received the notice of protest, the law presumes that it was received by him in due time. 1 Greenleaf on Evidence (16 Ed.), sec. 40; Lindenberger v. Beall, 6 Peters 104. (5) The certificate of protest was sufficient. It was competent evidence and properly admitted by the court. R. S. 1899, sec. 3134; Moore v. Richardson, 31 Mo. 131; State ex rel. v. Edmunds, 66 Mo. App. 47.

BARCLAY, J.—This action originated before a justice of the peace. It is founded on a negotiable promissory note, dated Rolla, Missouri, June 21, 1900,

at sixty days, for $250 and interest, payable to the order of E. A. Goodhue, and expressed to be for value received. It is signed by F. E. Dowd. On the back are indorsements by the payee, Goodhue, and by J. S. Dowd and Julius Pezoldt, successively. The maker and these three indorsers were made defendants in the summons in the justice's court. Plaintiff, the Rolla State Bank, had judgment before the justice against three of the defendants, the other (J. S. Dowd) not having been served with process. Mr. Pezoldt alone appealed to the circuit court, where a trial anew took place before the learned judge, without a jury. A judgment for plaintiff for $262 (including interest) resulted.

The leading issue presented in the case is whether the proper steps were taken by plaintiff to fix the liability of defendant as indorser of the note in suit.

Plaintiff read in evidence the note (which bore the proper revenue stamp duly cancelled) with the indorsements already mentioned. Then was offered the certificate of protest of the notary. The latter, after the usual statements of presentment, demand, non-payment and protest, recited that the notary had given notice in writing thereof, August 23, 1900, to defendant and the other parties to the paper, by mailing the same to each of them to Rolla, Missouri. We do not quote the certificate fully. It was duly verified by the affidavit of the notary, and is conceded to be sufficient except in the particulars pointed out by defendant's criticisms, which we shall discuss.

Plaintiff then introduced testimony tending to show that defendant was a butcher and had a business shop in Rolla, Missouri, in which city the plaintiff bank was also located. In a conversation with the cashier of plaintiff, about a month after the note was due, defendant admitted that he had received the notice of protest. But no statement of defendant was given in

evidence fixing the date or time when he received the notice.

It further appeared that the bank officers knew that defendant had a place of business in Rolla when the note became due.

The defendant introduced no testimony at the trial.

On these facts the learned trial judge refused an absolute ruling that plaintiff was not entitled to recover. He gave, on the contrary, the two following declarations of law for plaintiff:

"1. The court declares the law to be, that while the certificate of protest, read in evidence, is not sufficient to show notice of the presentment, demand and protest of the note sued on, yet if it is further shown that the defendant received the notice of such presentment, demand and protest, stated in said certificate to have been mailed to him, then the law presumes that it was received in due time after such mailing.

"2. The court further declares the law to be that one who writes his name on the back of a promissory note before the delivery thereof, who is neither the payee nor indorsee, is presumed to be a maker, and as to such person no protest of said note is necessary."

Another request by defendant for a declaration of law was refused in these terms:

"2. That it appears from the notice of protest in this case read, that the notice of protest was not mailed to the defendant, Pezoldt, at the proper time and the issues must be found for the defendant."

Defendant asked another declaration which the court modified and gave, after erasing the part we indicate by inclosing in parentheses and adding the words marked by italics in the following copy:

"1. The court sitting as a jury in this case, declares the law to be that if the defendant Pezoldt had a place of business in the city of Rolla, known to the plaintiff, at the time when the note sued on became

due, then it was not a sufficient protest of the same to mail notice of protest to the defendant Pezoldt (that it must further appear that all of said defendants received such notice) *unless it is further shown that such notice was received by said Pezoldt.*"

After the verdict for plaintiff a motion for new trial was filed by defendant assigning these grounds, viz.:

"Because the court erred in denying and refusing defendant's demurrer to plaintiff's evidence.

"Because the court erred in refusing to give and allow instructions asked on behalf of defendant, Nos. 1 and 2.

"Because the judgment of the court was erroneous and should have been for the defendant."

A motion in arrest was also made. As no point of error is assigned thereon, it requires no further remark.

These motions were overruled. Defendant then appealed, following the usual procedure for that purpose.

1. The points of error assigned in this court are that there was no sufficient protest (by which we understand notice of dishonor to be meant) and that the trial court erred by the giving of the second declaration of law.

Concerning the second point of error, it is sufficient to say that defendant's motion for new trial did not assign error in the giving of instructions. Hence, that ground of complaint can not be considered on appeal. Gordon v. Gordon, 13 Mo. 215; Haynes v. Trenton, 108 Mo. 123; St. Louis Bridge, etc., Co. v. Brewing Assn., 129 Mo. 343; Brown v. Mays, 80 Mo. App. (K. C.) 81.

2. Was the finding of the trial court correct as to notice?

The last day of grace, on the note in suit, was August 23, 1900. The holder and the indorser sought to

be held were both resident in Rolla, Missouri, and each had a place of business there. The bank officers knew that defendant had a business shop there.

According to the law as declared by the trial court on those facts, it was not sufficient to mail notice of protest to defendant in the same city on. the last day of grace. Plaintiff has not appealed, and defendant does not complain of that ruling. It follows certain well-remembered precedents. Barret v. Evans, 28 Mo. 331; Sanderson v. Reinstadler, 31 Mo. 483; Gilchrist. v. Donnell, 53 Mo. 591. It is the law of the case as the record stands.

3. But plaintiff meets the difficulty which. the above rule produces by replying that if the indorser actually receives the notice of dishonor in due time, by any means, it is sufficient. This is now the accepted law. Bank of U. S. v. Cocoran, 2 Pet. 121; Bank v. Wood, 51 Vt. 471; Phelps v. Stocking, 21 Neb. 443.

4. The time within which notice must be given, where the indorser resides in the town where the default occurs, is, at latest, the day following that of the protest. Bank v. Walker, 2 Cranch C. C. 294; Spaulding v. Krutz, 1 Dill. 414.

5. What inference will the testimony reasonably bear in regard to the time of receipt of the notice by defendant?

Here we have the sworn certificate of protest of the notary. It is prima facie evidence of the facts it recites touching notice of dishonor to the parties to the note, as well as of demand, refusal of payment and protest thereof. R. S. 1899, sec. 3134; Bank v. Vaughan, 36 Mo. 94. The certificate shows that the notice to defendant was mailed. on the last day of grace. The word "mailed," as used by the notary in his certificate, implies that the requisite postage was prepaid. Pier v. Heinrichshoffen, 67 Mo. 163. A month later, defendant admitted that he had received the notice, not saying when. He was a business man in Rolla. The

posting of the letter in the mail at that city on August 23, directed to defendant at the same place, warranted the inference of its delivery in due course on the next day. The learned trial judge had the right to take judicial notice of the customary operations of the Federal mail service so far as to infer that defendant received the notice, August 24, the day following that on which the notary mailed it to him in the same city.

Defendant did not deny the testimony of his admission of the receipt of notice, nor did he offer any testimony to show when he received it. No doubt, as he claims, the burden of proof that he actually received the notice in due time, that is to say, on August 24, at latest, rested upon the bank as plaintiff here. Peabody Ins. Co. v. Wilson, 29 W. Va. 528. But we consider that the bank discharged that burden by submitting the testimony already mentioned, from which the trial judge was authorized to find, as a fact (as he did find), that the date when defendant received the notice was that of the following day after it had been duly mailed to defendant by the notary in the same city. Hyslop v. Jones, 3 McLean 96; Bradley v. Davis, 26 Me. 45; Bank v. Scalzo, 127 Mo. 164. The note was a statutory negotiable promissory note (R. S. 1899, sec. 457) and, hence, notice of dishonor was requisite to transform defendant's original conditional obligation into an absolute one, in the circumstances disclosed by the evidence.

6. No error in the modified declaration of law, as given by the court and above cited, would be open to review, because of the omission already quoted to assign as ground for a new trial the giving of any of the declarations or instructions.

7. There was no error in refusing to give, as asked by defendant, the declaration of law which the court modified. As presented it declared in effect that to fix by notice the liability of defendant, Mr. Pezoldt, as indorser, "it must further appear that all of said

defendants received such notice.'' That finding was certainly not essential to plaintiff's recovery. Defendant appellant was the last indorser. Whether or not all the prior parties to the note received from the notary notice of the dishonor of the paper, could not affect defendant's liability, if he had been duly notified, on the facts disclosed by the present record. This is settled by direct authority. Bank v. Hatch, 78 Mo. 13.

The judgment is affirmed. *Bland, P. J.,* and *Goode, J.,* concur.