## OTIS *v.* OREGON STEAMSHIP COMPANY.

ERROR TO THE COURT OF APPEALS OF THE STATE OF NEW YORK.

Submitted January 25, 1886.—Decided February 1, 1886.

If a record shows on its face that a Federal question was not necessarily involved in the decision of a case in a State Court, and does not show affirmatively that one was raised, this court will not go out of the record to the opinion of that court, or elsewhere, to ascertain whether one was in fact decided.

*Moore* v. *Mississippi*, 21 Wall. 636, affirmed and applied.

This was a motion to dismiss a writ of error for want of jurisdiction. The facts which make the case are stated in the opinion of the court.

*Mr. George H. Adams* for the motion.

*Mr. John H. Sessions* and *Mr. John R. Abney* opposing.

MR. CHIEF-JUSTICE WAITE delivered the opinion of the court.

This is a suit brought December 12, 1878, by the Oregon Steamship Company, the defendant in error, against George K.

Otis, the plaintiff in error.    The complaint alleges that on the
2d of March, 1874, Otis, as agent of the Steamship Company,
entered into " a certain steamboat contract" with the United
States for carrying the mails between San Francisco, Califor-
nia, and Portland, Oregon, from June 1, 1874, to June 30, 1878,
at the rate of $25,000 per annum; that the Steamship Com-
pany performed the contract, and that Otis received $97,131.38
on account of the service, which was the full amount due after
certain deductions provided for in the contract were made ; that
of this amount he paid the company $83,675.24, and is untitled
to retain $2500 as his agreed compensation, but that he neg-
lects and refuses to pay over the balance, being $13,456.25, and
for this judgment is asked.    Otis, in his answer, admits the mak-
ing of the contract as set forth in the complaint, but denies
that he made it as agent for the Steamship Company.    He also
admits that he has received the amount of money which is
stated, and that he has not paid over the balance claimed to be
due.

The case was tried by a referee, who found that the contract
was made by Otis as agent for the company, that the company
had performed the service, that Otis had received the money as
charged, and that there was due from him the amount claimed.
Upon the filing of the report Otis excepted to the findings in
these words :

" The defendant excepts generally to the findings of the ref-
eree of fact and law, and to each and every such finding save
only such as were requested by the defendant.    The defendant
further specially excepts severally to each and every finding,
and to each and every part of each and every such finding,
designated in his report by the following numbers, namely,
2d, 3d, 4th, 5th, 6th, 7th."

Neither in the pleadings, nor in the evidence, nor in the find-
ings, nor in the exceptions as shown by the record, was there
any title, right, privilege, or immunity specially set up or
claimed under the Constitution, or a law, or authority of the
United States.    The sole issue in the case was as to the agency
of Otis.    The Steamship Company alleged that he made the
contract as its agent, and this he denied.    There was no sug-

gestion of the illegality of such an agency. The only dispute was as to the fact of its existence,

In *Moore* v. *Mississippi*, 21 Wall. 636, 639, it was held that "if the record shows on its face that a Federal question was not necessarily involved, and does not show that one was raised, we will not go out of it, to the opinion or elsewhere, to ascertain whether one was in fact decided." That rule governs this case. There is not in the record the least suggestion of a Federal question. We will not look into the opinion, therefore, which has been annexed to the record below, in obedience to our Rule No. 8, section 2, to ascertain whether such a question was in fact decided. The only issue in the case was as to the agency, and that did not depend on the Constitution or any law of the United States. The contract was entered into by Otis, and it was performed by the company. Otis collected the money, and his liability depends, not on the effect of his contract, but on the fact of his having received the money for the Steamship Company.

*The motion to dismiss is granted.*