LEE WILSON & COMPANY *v.* DRIVER.

Opinion delivered March 20, 1911.

1. TAXATION—TAX SALE—COUNTY HAVING TWO DISTRICTS.—If the special act of April 1, 1901, dividing Mississippi County into two judicial districts, contemplated the sale of delinquent lands in the Chickasawba District, at Osceola, the law in this respect was changed by the act of May 6, 1905, providing "that hereafter the delinquent lands in counties having two judicial districts shall be advertised and sold in the district in which the lands lie." (Page 338.)

2. SAME—TAX SALE—COUNTY HAVING TWO DISTRICTS.—The requirement of the act of May 6, 1905, that delinquent lands in counties having two judicial districts shall be sold in the district where the land is situated, is mandatory. (Page 339.)

3. SAME—TAX BOOKS—COUNTY HAVING TWO DISTRICTS.—The requirement of Kirby's Digest, § 7019, that the county clerks of the counties in this State having two judicial districts shall prepare a set of tax books for each district, is mandatory. (Page 339.)

Appeal from Mississippi Chancery Court; *Edward D. Robertson,* Chancellor; reversed.

*J. T. Coston,* for appellant.

Since there was no publication in the district in which the land was situated, and the sale was not made in that district, and no tax books were kept therein, the sale was void. Acts 1905, p. 755; 73 Ark. 221; Kirby's Dig. § 7019; 39 Ark. 201.

*W. J. Driver,* for appellee.

The statute requiring separate tax books for each district in counties having two judicial districts and separate records of lands sold at the annual tax sales is directory only. Kirby's Dig. § 7019; 91 Ark. 117. The statute dividing Mississippi County into two districts was enacted subsequent to the enactment of § 7019, and makes no provisions for keeping separate tax books, etc., but on the contrary provides that the county seat shall re-

main at Osceola. The act of 1905 is a general act, and cannot repeal any provisions of the special act of 1901. 50 Ark. 132; 63 Ark. 397.

WOOD, J. Appellant, being the original owner of a tract of land in the Chickasawba District of Mississippi County, seeks to cancel a tax title of appellee acquired at a sale in 1905 for the taxes of 1904, and quieting his own title. The lands in the Chickasawba District were all embraced in one tax book kept at Osceola, the county seat, and in the Osceola District of the county. No separate tax book was kept in the Chickasawba District of the taxes on the lands in that district for the year 1904. No separate delinquent list for the taxes of 1904 on lands in the Chickasawba District was filed in that district. The notice of sale of the land in the Chickasawba District for the taxes of 1904 was published in a paper printed exclusively in the Osceola District, but having a *bona fide* circulation in the Chickasawba District.

A book containing a list of the lands delinquent for the taxes of 1904 in Mississippi County, including the land in suit, was on file in the office of the county clerk at Osceola. The list contained in this book was not sworn to by the collector, is not signed by him, and bears no date showing when it was made and filed with the clerk. This list was in the handwriting of W. A. Fowler, a deputy sheriff, and was the only list and notice of sale of the land delinquent for the taxes of 1904, in Mississippi County, Arkansas.

Was the sale void? The county of Mississippi was divided into two judicial districts—the Chickasawba and the Osceola—in 1901. Acts of 1901, p. 137. The land was sold for taxes June 12, 1905. On May 6, 1905, the Legislature passed an act providing:

"Sec. 1. That hereafter the delinquent lands in counties having two judicial districts shall be advertised and sold in the district in which the lands lie."

"Sec. 3. This act shall be in force from and after its passage, and all laws and parts of laws in conflict herewith be and the same are hereby repealed."

There is an invincible repugnancy between this statute and the provisions of any prior special or general law that permitted

the sale of delinquent lands in counties having two judicial districts to be made in any other than the district in which the lands were situated. The special act of April 1, 1901, dividing Mississippi County into two judicial districts, is silent as to where delinquent tax sales should be made. It does provide, however, "that as to all matters not within the provisions of this act the county of Mississippi shall be entire and undivided." There is no provision in the special act of 1901 changing the county seat.

In undivided counties the sale of delinquent lands is made at the court house, and the court house is at the county seat. Sections 7087 and 1009, Kirby's Dig. So, if it can be said that the special act of April 1, 1901, provides for the sale of delinquent lands at Osceola, the county seat of Mississippi County, regardless of the district in which such lands were situated, still the act of 1905, *supra,* under the doctrine of irreconcilable conflict between the two, repeals the act of April 1, 1901. The act of May 6, 1905, is applicable to the sale under consideration.

It is alleged in the complaint, and conceded in the answer, that the sale was not made in the Chickasawba District, where the land is situated. The sale therefore was not made as the law requires. Section 1, act of 1905, *supra.* This provision was intended for the benefit of taxpayers and owners, and is mandatory. *Hare* v. *Carnall,* 39 Ark. 196, 201. Furthermore, "the county clerks of the counties in this State having two judicial districts shall prepare in the manner now prescribed by law a set of tax books for each district; and the law governing the preparation, use and care of tax books shall be the same as the law now is regulating tax books." Kirby's Dig., § 7019. This is also a mandatory provision that was not complied with. For a failure to observe the above requirements of the law, the tax sale under which appellee claims was void, and the lower court erred in not so holding.

It is unnecessary to consider other alleged errors. The judgment is reversed with directions to enter a decree cancelling the tax title of appellee, and quieting the title of appellant.