AMANDA CARLSON ET AL., APPELLANTS, V. CITY OF SOUTH
OMAHA ET AL., APPELLEES.

FILED APRIL 20, 1912.   No. 16,901.

1. **Appeal: ABSTRACTS.** In preparing abstracts of cases, section 675*f* of the code and the rules of the supreme court should be consulted and followed. The substance of the transcript and bill of exceptions should be preserved, the testimony of witnesses reduced to narrative form, excluding immaterial matters, but the conclusion of counsel as to what is shown should not be stated.

2. **Municipal Corporations: STREET IMPROVEMENTS : PAVING DISTRICTS.** As shown by the only available evidence, Missouri avenue in South Omaha extends continuously throughout the whole paving district, and it does not appear that the district includes parts of three different and distinct streets.

3. ——: ——: ——: **DISCRETION OF CITY COUNCIL.** The fact that the street to be paved is of different levels does not present a question for decision by the courts. Streets of considerable length are seldom of the same level throughout, and the propriety of or necessity for their pavement is for the discretion and judgment of the tribunal authorized by law to provide for the improvement.

4. ——: ——: ——: **SUFFICIENCY OF ORDINANCE.** The ordinance establishing a paving district provided that the district should include all the territory on each side of the street named and back to the middle of the block on each side thereof. The record showing that the land on either side of the street was platted into blocks throughout the whole length of the district, it is *held* that the ordinance, under the South Omaha charter, though not skilfully drawn, is sufficiently specific.

5. ——: ——: **ESTIMATE OF COST.** The estimate of the total cost of paving required by statute to be presented to the council by the city engineer and which was submitted by him is set out in the opinion, and *held* sufficient, the same being approved and acted upon by the council.

6. ——: ——: **REGULARITY OF PROCEEDINGS.** The fact that, after a public improvement is legally ordered and partly constructed under a contract, a new contract for the remainder of the work is entered into cannot affect the legality of the first steps taken by which the improvement was authorized and required.

APPEAL from the district court for Douglas county: ABRAHAM L. SUTTON, JUDGE. *Affirmed.*

E. T. *Farnsworth* and E. R. *Leigh,* for appellants.

S. L. *Winters* and H. C. *Murphy, contra.*

REESE, C. J.

This is an action to cancel special assessments levied to cover the cost of paving Missouri avenue in the city of South Omaha. The cause was tried to the court and resulted in a finding and judgment in favor of the defendants. Plaintiffs appeal.

The abstract is quite imperfect and does not comply with any rule of the court, nor with the statute. It is provided in section 675f of the code, that the appellant shall prepare a printed abstract of the transcript of the record and bill of exceptions in which the substance of the transcript and bill of exceptions only shall be stated, and that the abstract, when filed, shall be presumed to contain the whole record, unless the correctness or sufficiency be denied by the opposite party, and in which case the denying party may file a supplemental abstract. No such supplemental abstract has been filed and the presumption provided by the statute prevails. However, the abstract filed is clearly not complete, as it contains no condensed statement of the contents of the transcript and evidence as required by rule 16 (89 Neb. vii) of this court, but rather the conclusion of counsel as to what is shown, without any reference to the page of the record where the testimony or exhibits may be found, with perhaps two exceptions referring to exhibits. This limits our inquiry to such propositions, but which are the vital questions involved.

It is said in the abstract that "the chief grounds relied upon are that ordinance No. 1,393, which defines the boundaries of the district, are vague, indefinite and uncertain; the statute under which the city paved the street

without a petition had been repealed before the final contract was executed; the paving district includes parts of three different and distinct streets, of different widths and different levels, the lots on Missouri avenue being above grade and those on·L street or West Missouri avenue being 60 feet below grade and having no value; Missouri avenue is 60 feet wide and L street is 80 feet wide," etc.

As there is no abstract of the oral testimony, we are limited to the map or plat of Missouri avenue, which is sufficiently referred to, and by it we find that the avenue extends the whole distance of the paving district from Thirteenth to Twenty-fourth streets, and we can find no reference to L street or West Missouri avenue. It does not appear, therefore, that "the paving district includes parts of three different and distinct streets." What the rule would be if that were shown we need not inquire. The fact that the street varies in width is not deemed material, if true, as it is not contended that there is a variance in width of the paving. It is shown by the map that Missouri avenue extends westward from Thirteenth street to Twentieth street where it "buts" against about the middle of block 123, and is then deflected southward to the south side of the block and is continued to the westward. Since this is shown to constitute a part of the avenue, we may presume that such is the fact. The claim that the avenue is of different levels cannot be material, since it is seldom that a street of any considerable length can be found of the same level throughout, and the question of the propriety of paving streets, whether of the same or different levels, must necessarily be left to the judgment and discretion of the council and those interested where petitions are necessary. No petition was required in this case.

As said in the abstract, the chief ground relied upon for relief is that ordinance No. 1,393, which defines the boundaries of the district, is vague, indefinite and uncertain. The ordinance, omitting the formal parts, is as follows: "Section 1. That improvement district No. E,

being paving district number 19, be and the same is hereby created, and the limits thereof fixed and defined as fol-lows: All that territory on each side of Missouri avenue from the east line of Twenty-fourth street to the east line of Thirteenth street, and back to the middle of the block on each side of said portion of said avenue." Passed July 31, 1905, and approved August 1, 1905. The exhibit shows that the ground is platted into lots and blocks on each side of the avenue throughout its entire length, the blocks being of the same size along its border, with the exception of block 2 on the north and block 3 on the south at the extreme eastern end and abutting on Thirteenth street, which are somewhat smaller. Sublot 5 of lot 10 is the same size of the other blocks, but is not all subdivided into lots, so that there are "blocks" on either side of the avenue the whole of the distance. The ordinance specifying that the district shall extend "back to the middle of the block on each side of said portion of said avenue" would be sufficiently specific, notwithstanding the conceded fact that the ordinance might have been much more skilfully drawn. When read in the light of common understanding, the idea is clearly presented that the district extends to the middle of the adjacent and abutting blocks on each side of the avenue. This is not in conflict with our decision in *Wiese v. City of South Omaha*, 85 Neb. 844, for in that case the ordinance extended the limits of the district "to the alley," where there was no ally within the abutting blocks—nothing which could lend any aid to the ascertainment of the boundaries of the district.

The statute under which this improvement was ordered (laws 1903, ch. 17, sec. 61) provides that before such improvements may be made an estimate of the total cost thereof, together with detailed plans and specifications thereof, shall be made by the city engineer and submitted to the council, and, if approved, shall be returned to the engineer and kept by him subject to public inspection, and the work shall conform substantially therewith, and no

contract shall exceed such estimates. The estimate of cost as made by the engineer is set out in the abstract and is, "19,800 sq. yds. of paving at $2.10, $41,580; 8,000 lineal feet of curbing at 45c, $3,600; 5,000 cubic yds. of excavation at 25c, $1,250; total $46,430." Signed by the engineer. This appears to have been a sufficient compliance with the statute as to the estimate of cost. There is no sufficient showing in the abstract as to the furnishing or failing to furnish detailed plans and specifications of the work, and that question is not before us.

The ordinance defining the boundaries of the district was passed July 31, 1905. The abstract does not show when the estimate of the cost of the improvement was presented to the council. It must be presumed, in the absence of proof to the contrary, that all requirements of the law were complied with and the authority of the city to cause the paving to be done was fixed by the ordinance and the steps then taken. The fact that after a part of the paving had been done a new contract was entered into with the contractor could make no difference.

Some questions are presented by the briefs which we cannot notice for the reason that they do not arise from the record before us. All presumptions are in favor of the correctness of the judgment.

The judgment of the district court is

AFFIRMED.