DAWSON FARMERS ELEVATOR COMPANY, a Corporation, Respondent, v. FRED OPP, Sr., et al. FRED OPP, Sr., and Arthur Chase, Appellants.

(223 N. W. 350.)

Opinion filed November 12, 1928. Rehearing denied February 18, 1929.

*P. W. Lanier,* for appellant.

*Knauf & Knauf,* for respondent.

BURKE, J. This is an action to recover on a bond in the sum of $3,000, by the terms of which the defendant, Fred Opp, Jr., was obligated to account to the plaintiff for all money, grain, feed, merchandise, credits and securities belonging to the said plaintiff during the employment of the said Fred Opp, Jr., as agent for the plaintiff in buying and handling grain at the plaintiff's elevator in Dawson, North Dakota.

It is the claim of the plaintiff that the defendant, Fred Opp, Jr., while acting as such agent, failed to account for grain and money received while acting as such agent in the sum of $2,614.84. The

defendants claim that they notified the plaintiff on the 17th day of May, 1925, that they were no longer bound on such bond of indemnity made on behalf of the said Fred Opp, Jr. There was a trial to a jury and at the close of the defendants' testimony the trial judge directed a verdict for the plaintiff. A motion for a new trial was overruled and the defendants, Fred Opp, Sr., and Arthur Chase appeal from the judgment and order overruling the motion for a new trial.

The errors assigned are as follows: First, The court erred in refusing to admit in evidence Exhibit "A," being a copy of the letter dated May 17th, 1925, at Dawson, North Dakota, signed by Arthur Chase and Fred Opp, Sr., written to C. A. Cross, owner and manager of the Dawson Farmers Elevator Company, a corporation, and to Fred Opp, Jr.; second, The court erred in sustaining motion of attorney for plaintiff for judgment upon the pleadings and in directing verdict for the plaintiff. Assignments of error, numbers three, four and five are the same as assignment number two. Assignments of error, numbers six and seven alleging there is no evidence in the record that the defendant, Fred Opp, Jr., misappropriated any moneys belonging to the plaintiff and was short in his accounts, are without merit, for it was stipulated several times during the trial "that the shortage and losses set out in the complaint are true."

Defendants Exhibit "A" reads as follows:

"Medina, N. D., May 17, 1925.

"C. A. Cross, Owner Farmers Elevator Co., Dawson, N. D. and Fred Opp, Jr., Mgr. & Buyer, Fars Elevator, Dawson, N. D.

"Gentlemen:

"You are Hereby Notified that we are calling Bonds in, signed by us, for you for a period of one year, being your time is up and you have quit, we will not assume any liability or responsibility in your behalf from this date on, or in behalf of the Dawson Farmers Elevator Co. also.

"Please see that these Bonds are destroyed or returned to us.

"Your very truly, Chase & Opp.

"Arthur Chase, Fred Opp, Sr."

The record relating to this letter and its exclusion is in substance as follows: Arthur Chase is asked:. If on the 17th day of May, 1925,

he caused a letter to be written by Mr. Gus Opp, of Medina, to C. A. Cross and Fred Opp, Jr., with relation to the bond which is the subject of the action. He answered: "Yes sir." The letter is then demanded from the plaintiff and the attorney for the plaintiff states:

". . . We haven't any such original, nor have we ever had it, nor have we seen it prior to your showing it to us here now. . . . I will state that for my client as well as myself."

He was permitted to testify that defendants' Exhibit "A" is a copy of the letter. The letter is then offered in evidence and an objection is made as follows:

"This offer is objected to for the same reasons stated in the objections to the question as calling for a self-serving declaration, an attempt to change, vary or modify the written terms of a contract, and no proper foundation having been laid for the offer; no demand having ever been made for the production of any such original letter prior to this day; and as not being binding upon the plaintiff in this action." The objection was sustained.

Q. And you may state to the court further, if you know what was done with the original letter of which this was a copy, that you signed your name to?

Mr. Knauf: That is objected to for the same reason last above stated.

The Court: Overruled.

A. One was mailed to Mr. Cross and one to Mr. Opp, Jr.

Q. And you may state whether or not there was sufficient postage on those envelopes?

A. Yes sir.

Mr. Knauf: Same objection as last above stated. (No ruling.)

Q. And whether or not they were plainly addressed to C. A. Cross, Dawson, North Dakota?

A. Yes sir.

Mr. Knauf: Same objection as last above made, and as leading.

Q. And you may state whether or not there was a return on that envelope?

A. Yes sir.

Mr. Knauf: Same objection as last above stated.

The Court: Just a moment. I haven't ruled on any of those objections. . . .

The Court: The questions are practically all leading. I think they should be sustained on the ground they are leading.

Q. And I will ask you then to state whether or not you know what was done with the original letter of which this is a copy?

Mr. Knauf: That is objected to for the same reasons stated in the objection to the question last above.

The Court: Overruled.

A. I gave them to Mr. Opp's father, Sr.

Fred Opp, Sr., testified in substance that he had a conversation with his son, Gus Opp, with reference to writing a letter to C. A. Cross and Fred Opp, Jr., in regard to the undertaking.

Q. And you may state whether or not Gus Opp, your son, did write a letter to C. A. Cross, and also to Fred Opp, Jr., at Dawson, North Dakota?

A. Yes sir.

Mr. Knauf: Same objection as last above made.

The Court: Overruled.

Q. And did you read those letters?

A. Yes sir.

Mr. Knauf: Same objection as last above made.

The Court: Overruled.

Q. I will call your attention to Plaintiff's Exhibit A, and ask you if that is a copy of the original letter that your son, Gus Opp, wrote for you on that day?

Mr. Knauf: That is objected to as calling for a conclusion of the witness and as hearsay, and not binding upon the plaintiff; and no proper foundation laid, and no demand having been made at any proper time for any original; and for the further reason that it is inadmissible under the pleadings.

The Court: Overruled.

A. Yes sir; that is a copy.

Q. Now, when Gus Opp finished writing these letters what did he do with them then?

Mr. Knauf: Same objection as last above mentioned.

(No ruling.)

A. He gave them to me, and I mailed them.

Q. You mailed them in the postoffice at Medina?

Mr. Knauf: May we strike that part of the answer out for the same reason stated in the objection, and as not being responsive to the question.

The Court: Strike it out.

Q. I asked you what you did with those letters after Gus Opp gave them to you?

Mr. Knauf: That is objected to for the same reasons stated in the objection last above made.

The Court: Overruled.

A. I mailed them?

Q. You mailed them?

A. Yes sir.

Q. Where?

A. At Dawson, one to Fred Opp, Jr., and one to Cross.

Mr. Knauf: May we have the same objection to these questions, Your Honor?

The Court: You better make them.

Mr. Knauf: Then may it be considered that we have the same objection to the last question above made. He answered before I could make the objection, Your Honor?

Q. I will ask you if you noticed on these envelopes whether or not there was returns?

A. Yes, there was.

Mr. Knauf: That is objected to for the same reasons last above made; and if the answer is taken we move to strike the answer for the same reason.

The Court: Overruled.

Q. And who were the letters returnable to?

Mr. Knauf: Same objection as last above made.

A. It was returnable to me and Mr. Chase.

Q. Did you ever receive the original letter back to you?

A. No sir.

Mr. Knauf: Same objection as last above made.

The Court: Just a moment. He is answering all these without my ruling. I haven't ruled on any of these because he always answers before the objection is made.

Mr. Knauf: . . . We also move to strike the answers for the last several questions which have not been ruled upon, for the reasons stated in the objection.

The Court: You may strike the last one. (The last one being that he did not receive the original letter back.)

Mr. Gus Opp testified in substance as follows:

Q. What if anything did you do for Mr. Chase and Mr. Opp on that day?

Mr. Knauf: That is objected to as incompetent, irrevelant and immaterial, and has no binding upon the plaintiff; an attempt to vary and change the terms of a written contract, Plaintiff's Exhibit 1, without the consent of the plaintiff, and no proper foundation having been laid, and as not admissible under the pleadings; calling for a conclusion of the witness.

The Court: Overruled.

A. I wrote two letters for them.

Q. To whom did you write these letters?

Mr. Knauf: Same objection as last above made.

The Court: Overruled.

A. I wrote to Mr. C. A. Cross and Mr. Fred Opp, Jr.

Q. Calling your attention to Defendants Exhibit A, I will ask you if that is a copy of the letter that you wrote?

Mr. Knauf: That is objected to for the same reasons last above stated.

The Court: Overruled.

A. It is a copy of the letter, yes sir.

Q. And after you had written those letters what did you do with them?

A. ——

Mr. Knauf: Same objection. . . .

The Court: Let me see that letter. Overruled.

A. I had them sign them and I put them in envelopes, and sealed

the envelopes. They were addressed, one to Mr. C. A. Cross, and one to Fred Opp, Jr., and I gave them to my father, Mr. Opp.

Mr. Knauf: We move to strike the answer for the same reasons stated in the last objection, and for the further reason that the same is not competent, and in no way binding upon the plaintiff.

The Court: Overruled.

Q. And you may state whether or not you put postage on those letters?

A. Yes sir, they were stamped envelopes.

Q. And you may state whether or not there was a return on those envelopes?

Mr. Knauf: Same objection as last above made.

The Court: Overruled.

A. Yes sir.

Q. And to whom were they made returnable?

Mr. Knauf: Same objection as last above made.

The Court: Overruled.

A. Arthur Chase and Fred Opp. . . .

Mr. McCarter: And then, if the court please, we again offer in evidence Defendant's Exhibit "A," as corresponding with the facts set out in our answer.

Mr. Knauf: Now that is objected to for the same reason and upon the same ground that the objection was made when the same exhibit was offered in evidence before.

The Court: Sustained.

This is the entire record in relation to the exclusion from the evidence of Defendant's Exhibit "A." It appears from this testimony that on the 17th day of May, 1925, the defendants, Fred Opp, Sr., and Arthur Chase, had Gus Opp write letters to Fred Opp, Jr., and C. A. Cross, and that Defendant's Exhibit "A" is a copy of the letter. It further appears that one letter was put into an envelope and addressed to Fred Opp, Jr., at Dawson, North Dakota; that it was in a stamped envelope; and that one also was put into a stamped envelope addressed to C. A. Cross, at Dawson, North Dakota. The Defendant Chase testified that one was mailed to Mr. Cross and one to Fred Opp, Jr., and

Fred Opp., Sr., testified that when Gus Opp finished writing the letters he gave them to me and I mailed them, one to Fred Opp, Jr., and one to Mr. Cross. When Exhibit "A" was first offered in evidence objection was made as follows:

"This offer is objected to for the same reasons stated in the objections to the question as calling for a self-serving declaration, an attempt to change, vary or modify the written terms of a contract, and no proper foundation having been laid for the offer; no demand having ever been made for the production of any such original letter prior to this day; and as not being binding upon the plaintiff in this action."

This is the objection that is referred to as the objection last made and is always urged by the attorney for the plaintiff. The exhibit does not in any way change the terms of any written contract. It is notice that after a certain date the defendants are no longer bound upon a certain contract which, by its terms, does not specify any time upon which the same shall be binding upon the defendants and since it does not, the letter does not conflict in any way with the bond which is the subject of the action.

"The general statement of one that he 'mailed' a letter to another is sufficient evidence that he did everything necessary to raise the presumption that it was received in due course of mail, and thereby show that the addressee had notice of matters therein stated. To be properly 'mailed' a letter must be addressed, stamped, and deposited in the proper place for the receipt of mail, and, since the word 'mailed' implies the doing of all these acts, a general statement that a letter was 'mailed' is sufficient. Ward v. D. A. Morr Transfer & Storage Co. 119 Mo. App. 83, 95 S. W. 965; Pier v. Heinrichshoffen, 67 Mo. 163, 29 Am. Rep. 501; Rolla State Bank v. Pezoldt, 95 Mo. App. 404, 69 S. W. 51."

"The word 'mailed' when applied to a letter, means that it was properly prepared for transmission by mail, and was placed in the custody of the officer whose duty it was to forward the mail. Southern Engine & Boiler Works v. Vaughan, 98 Ark. 388, 135 S. W. 915, Ann. Cas. 1912D, 1062."

"In testimony that a letter containing a notice was mailed, the word 'mailed' implies the payment of the necessary postage. Omaha v.

Yancey, 91 Neb. 261, 135 N. W. 1047; Cutting v. Harrington, 104 Me. 96, 129 Am. St. Rep. 373, 71 Atl. 377."

It was not necessary to show by express terms that a letter was deposited in the postoffice. The testimony of a witness that he mailed it implied that it was so deposited. Barnet v. Norton, 90 Vt. 544, 99 Atl. 238. It has been held that the testimony of a witness that he sent a letter was sufficient to show a mailing in the absence of any proof to the contrary, or any inquiry as to the mode and if there was any doubt about it, the attention of the witness should have been called to it. Oregon S. S. Co. v. Otis, 100 N. Y. 446, 53 Am. Rep. 221, 3 N. E. 485, 116 U. S. 548, 29 L. ed. 719, 6 Sup. Ct. Rep. 523. The cases are collected and cited in 19 Ann. Cas. 651, and in 25 A.L.R. 9. It is well settled the presumption that a letter properly mailed was received by the addressee is not conclusive, but may be rebutted by evidence showing that the letter was not, in fact, received and whether the evidence is sufficient to rebut the presumption that a letter properly mailed was received by the addressee, is a matter for the determination of the jury. Note in Ann. Cas. 1912D, p. 1065.

In the case at bar the plaintiff testified that he did not receive any such letter. Although Fred Opp, Jr., was upon the stand he was not asked if he had received any such letter and he did not testify that he did. The demand for the original letter made at the time of trial was unreasonable but since the plaintiff testified that he never received any such letter the giving of the notice or demand for the original at an earlier date would have been of no avail. If the plaintiff never received the letter he could not have delivered it at any time to the defendant.

We are of the opinion that the foundation for the introduction of the letter was sufficient. It should have been admitted in evidence and the jury instructed that it was for them to determine from all the evidence whether the letter was mailed and if mailed whether it had been received by Mr. Cross and if not mailed, or if not received by Mr. Cross then it was not to be considered by them for any purpose, but if the letter was mailed and received by Mr. Cross, the defendants Chase and Opp, Sr., would not be liable on the bond for any shortage on the part of Opp, Jr., after the receipt of the letter by Mr. Cross.

The plaintiff also claims that there is no evidence showing that the receipt of such a letter by C. A. Cross would be notice to the plaintiff,

the Dawson Farmers Elevator Company, a corporation. There is no objection to the introduction of the letter on that ground unless it be that there is no foundation laid for its introduction, and that the letter is not binding upon the plaintiff. It is claimed that there is no evidence to show that Cross was an officer of the plaintiff corporation, and, therefore, the letter should not be admitted in evidence. The evidence on that subject, according to the testimony of C. A. Cross, is in substance as follows: In 1924 and 1925 I was a stockholder in the Dawson Farmers Elevator Company, and I was in charge of the elevator at that time. On or about September 13, 1924, I had an agreement with Fred Opp, Jr., to take charge of the elevator. It was a verbal contract; he was to get a third of the net earnings of the elevator to be divided at the end of the fiscal year, or the annual year when we made our annual cut-off. He was to have a drawing account of $75.00 a month. He continued to work until the 15th day of May, 1926, when I took charge of the elevator and the records.

On cross-examination, he stated in substance as follows:

Yes sir, I will testify that I was a stockholder in the elevator.

Q. Isn't it true that you were the owner?

A. Yes sir. . . .

Q. And you were the principal stockholder, were you not?

A. Principal stockholder. . . .

Q. Isn't it true that at all times you have charge of the books of the elevator?

A. I did. . . . I had access to the books at all times. . . . And to the checks also. . . . They came into my hands as soon as they were returned from the commission company. . . . From 3 to 5 days—4 days after they were received. . . ."

Q. When you took charge of the elevator, May 15, 1926, I believe you said, then did you check him out?

A. I did.

Q. And you weighed up the grain?

A. Yes sir. . . .

Q. And when did you make complaint about it?

A. Just as soon as I got my figures together and went to an attorney

and had them make a complaint. . . . It was within the next week, I believe.

Q. And did you notify the sureties at that time in regard to it?

A. Just as soon as I could get things together to notify them. . . . It must have been a week or ten days. I went to see my attorney and had him draw up the notice." . . .

I didn't make any discoveries of shortage in 1924 or 1925 when Fred Opp and myself was there. Yes sir, I kept the books.

He further states in substance as follows:

In the spring of 1925 there was no profit, and arrangement was made between the defendant and myself that we would draw no money from the commission company for paying this salary. The book used by him was in my possession all the time as bookkeeper.

Fred Opp, Jr., testified that all of his transactions were with C. A. Cross, and it appears clearly from the record that Mr. Cross was in charge of the elevator and employed Fred Opp, Jr.; that he secured the bond; was the principal stockholder and owner of the corporation. He discharged Opp, and when he discovered his shortage he went to his attorney and had the notice drawn to the sureties on the bond. In fact he did everything in connection with their transaction and with the defendant Fred Opp, Jr., and the corporation was acting exclusively in that matter through C. A. Cross. It is well settled that notice to an individual, corporator or stockholder, . . . is not notice to the corporation. Still it would seem that if all of the stockholders had knowledge of certain facts, such knowledge should be imputed to the corporation. So where one who owns practically all the stock of a corporation and is its general manager enters into dealings with another chiefly for his own benefit and that of his corporation, his knowledge concerning the transaction would be imputable to his corporation. 7 R. C. L. § 658, p. 656 and cases cited. The corporation has notice of facts which come to the knowledge of its officers or agents while engaged in the business of the corporation, provided those facts pertain to that branch of the corporate business over which the particular officer or agent has some control. Thus a corporation has been charged with notice of facts

which were known at the time to its agent who had charge of the transaction, or to a local agent, or superintendent. 3 Cook, Corp. § 727.

C. A. Cross in the case at bar was certainly the agent for the plaintiff corporation in the transactions between the corporation and the defendant, Fred Opp, Jr., and any notice to C. A. Cross connected with the transactions must be imputed to the plaintiff corporation. Defendants Exhibit "A" should have been submitted to the jury under proper instructions and the judgment of the lower court must be and is reversed and a new trial ordered, with costs.

NUESSLE, Ch. J., and BURR and CHRISTIANSON, J.J., concur.

BIRDZELL, J. I agree that Exhibit A should have been received over the objection made but I am not satisfied that the foundation was entirely sufficient. Identical original notices appear to have been sent to Cross and Opp, Jr., and there was no demand upon the latter.