The plaintiff applied for a writ of mandamus to compel the defendant, as auditor of the county of Billings, to execute and deliver to him a tax deed. The trial court denied the application and the plaintiff has appealed.
The plaintiff was the owner and holder of certain tax sale certificates against lands in Billings county based upon the sale for delinquent taxes held December 11, 1928. The plaintiff presented these certificates to the county auditor on June 26, 1931, and demanded that such auditor cause notice of expiration of time of redemption to be given. Such notice was issued and served. December 11, 1931, was fixed as the time when the redemption period would expire. The amount required to redeem was $143.73. On December 9, 1931, the county treasurer received a check for $104.07 from a party holding a mortgage against the land. The letter transmitting the check instructed the treasurer to telephone to the representative of the party seeking to make the redemption, in event the amount of the check was insufficient, and stated that such representative had instructions to pay any additional sum required to effect the redemption. In accordance with this direction the treasurer telephoned such representative and it is undisputed that the additional sum of $39.65 was transmitted to, and received by, the county treasurer. The sole question in controversy in this proceeding is whether this additional sum was received on or before December 11, 1931. It is the contention of the plaintiff that it was not received until December 12th and that, consequently, no redemption was effected and that he is entitled to a tax deed. The undisputed evidence shows that about 5 o'clock P.M., on December 11th, the plaintiff called the defendant, county auditor, on long distance *Page 264 
telephone and inquired if a redemption had been made and that the county auditor informed him that the additional moneys had been received and a redemption had been perfected. Some days later the petitioner received a warrant from the county auditor for the redemption money. The warrant was cashed and the moneys retained for the reason, as plaintiff says, that he relied upon the statement of the auditor that the redemption moneys had been paid in time. During the latter part of January, 1932, the plaintiff had a conversation with the county auditor in regard to some other lands on which he held tax sale certificates. During that conversation the auditor intimated that it would make no difference to him if the owners of the lands were two or three days late in payment of the redemption money; that he would accept the same anyhow. The plaintiff says he then began to have some doubt as to whether the treasurer had received the redemption money involved in this case on or before December 11, 1931. On February 9, 1932, the plaintiff saw the county auditor and the county treasurer as regards the redemption in question here and, on examination of the books of the county treasurer, found that the moneys paid for the redemption in question here did not appear in the daily cash balance of December 11, 1931, but in the daily cash balance of December 12, 1931. The plaintiff thereupon offered to return the money to the county auditor and demanded that the certificate of redemption be cancelled and a tax deed issued to him. The demand was refused and the plaintiff thereupon instituted this proceeding.
The plaintiff and the county auditor and county treasurer appeared in person and were examined as witnesses before the trial court. The trial court, in announcing his decision, prepared and filed the following "memorandum opinion:" —
"Plaintiff alleges the owner of the premises in question did not pay to the county treasurer on or before December 11, 1931, a sufficient sum of money to affect a redemption from the tax certificates held by him as set forth in his petition; that altho the treasurer did not receive the money until December 12th, yet the redemption receipt was issued dated December 11th. The question is one of fact. The determination of the fact whether or not the evidence shows the treasurer had received the redemption money December 11th disposes of the lawsuit. *Page 265 
"Until the contrary has been shown by the evidence, public officers are presumed to have regularly performed their duties and that they have obeyed the law in the performance thereof. Section 7936, subd. 15; Hanna v. Chase, 4 N.D. 351, 61 N.W. 18, 50 Am. St. Rep. 656; Fisher v. Betts, 12 N.D. 197, 96 N.W. 132; Walton v. Olson, 40 N.D. 571, 170 N.W. 107; State ex rel. Hughes v. Milhollan, 50 N.D. 184, 195 N.W. 292. The burden of proof is therefore upon the plaintiff to produce evidence to overcome this presumption and to establish by a fair preponderance of the evidence the fact he contends for, to-wit: that the treasurer had not received the redemption money on or before December 11th.
"The material facts upon this question may be summarized as follows: The amount necessary to redeem December 11th was the sum of $143.72. The redemptioner sent $104.07 by mail to the treasurer which was received by her December 9th. The letter accompanying this remittance stated that in the event said sum was not sufficient to affect the redemption `you may telephone William H. Brown Company at Mott.' The treasurer exhibited this letter to the defendant who advised her the amount remitted was $39.65 less than the necessary amount to redeem. On the 9th the treasurer telephoned the Brown Company and advised them of the situation. The Brown Company remitted the $39.65 by check, dated December 9th, enclosed with a letter of the same date directed to the treasurer. The affidavit of the Brown Company's manager, admitted in evidence, says that on December 9, 1931, `he transmitted by mail check for $39.65.' The presumption is the letter was received in due course of the mail. Dawson Farmers Elevator Co. v. Opp, 57 N.D. 598, 223 N.W. 350. The train schedules and connections and the course of the mail from Mott to the main line of the Northern Pacific Railway are not shown by the evidence. The auditor testified the treasurer informed him on December 11th that the money from Mott had been received. This is not denied. Plaintiff telephoned the auditor December 11th inquiring if redemption had been made, to which the auditor answered `yes.' The auditor made notices of redemption dated December 11th and made warrant in favor of plaintiff for $143.72. The treasurer does not remember whether she received the remittance from the Brown Company on the 11th and does not remember whether on the 11th she informed the *Page 266 
auditor thereof. The only evidence then tending to prove the auditor is in error in his testimony is that the entry of the redemption money in the books of the treasurer was made December 12th, which entry shows $143.72, the payment of $104.07 previously made not having been entered until that day. In this connection the treasurer testified she usually closed her books at four P.M. Any receipts after that hour were entered the day following, or when she had `taken care of it.' She explained this term in effect to mean when she had done that which she had to do in regard to the funds for which the money was paid. She did not explain what she did to `take care of' this business.
"In January or February, 1932, plaintiff and defendant had a conversation in which defendant said he supposed the treasurer had received the money on the 11th. Inasmuch as the auditor does not personally handle the county's money and the undisputed evidence disclosed that the treasurer had informed him on the 11th she had received the money, he had the right to assume this was true. Apparently he had not seen the money or check.
"In my opinion the testimony clearly establishes the fact that the redemption money was paid the treasurer on or before December 11, 1931, and the peremptory writ should be denied."
The trial court made findings in conformity with the views expressed in his memorandum opinion.
The plaintiff had the burden of proof. State ex rel. Minehan v. Thompson, 24 N.D. 273, 139 N.W. 960. The case is not triable anew in this court; the findings of the trial court are presumed to be correct and will not be disturbed unless shown to be clearly opposed to the preponderance of the evidence. State ex rel. Bickford v. Fabrick, 16 N.D. 94, 112 N.W. 74; Gotchy v. North Dakota Workmen's Comp. Bureau, 49 N.D. 915, 194 N.W. 663. An examination of the evidence in this case leads us to the conclusion that the findings of the trial court are in accord with, rather than opposed to, the weight of the evidence. The fact on which plaintiff places great reliance, namely, that the county auditor in January, 1932 intimated to him that he intended to, and would, accept payment of moneys paid to effect a redemption from a tax sale after the date fixed for the expiration of the period of redemption, in our opinion, does not lead to the result for which plaintiff *Page 267 
argues. It would seem that if the county auditor in January, 1932 was of the belief that he had authority to accept moneys paid to redeem after the expiration of the period fixed for redemption he would have been of a similar belief in December, 1931; and, hence, there would have been no reason whatsoever for his stating to the plaintiff that the redemption moneys had been paid on December 11, 1931 if they had not been so paid. There is nothing in the record to indicate that either the county auditor or the county treasurer had any ulterior motive as regards the redemption in question here or that they were concerned with anything except the honest performance of official duty. The party who sought to make the redemption was a nonresident corporation. The plaintiff is a resident of an adjoining county. Apparently the relations between the plaintiff and the county auditor and the county treasurer of Billings county were entirely amiable. There is not a suggestion in the record that the county auditor and the county treasurer of Billings county had any reason to do anything except their duty; and, the trial court, after hearing and seeing these parties and the other witnesses who were called to testify, found that that is exactly what they did.
The judgment appealed from is affirmed.
NUESSLE, Ch. J., and BURR, BIRDZELL and BURKE, JJ., concur.